THE STATE OF OHIO, APPELLEE, *v.* BEST, APPELLANT.

[Cite as State v. Best (1975), 42 Ohio St. 2d 530.]

(No. 74-848—Decided June 25, 1975.)

*Mr. Harry O. Wheaton, Jr.,* city solicitor, and *Mr Wylan W. Witte,* for appellee.

*Messrs. France, Morris & Brown, Mr. William I. France* and *Mr. Charles E. Brown,* for appellant.

STERN, J.   The specific issue presented for consideration is whether defendant's conviction under the indictment precludes his being tried for the municipal ordinance charges under the doctrine of double jeopardy.   The basic theory underlying this doctrine is that it is wrong for one to be subjected more than once to the danger of being punished for an offense.   The Fifth Amendment to the United States Constitution provides that no "person [shall] be subject for the same offense to be twice put in jeopardy of life or limb * * *."

Section 10 of Article I of the Ohio Constitution provides that "[n]o person shall be twice put in jeopardy for the same offense."

Legal historians assert that the double jeopardy concept has been discernible since around the Fourth Century, and has been adopted in some form by most Western judicial systems throughout legal history.[1]

As Mr. Justice Black stated in his dissent in *Bartkus*

---

[1]Newman, Double Jeopardy and the Problem of Successive Prosecutions: A Suggested Solution. 34 S. Cal. L. Rev. 252, 254.

v. *Illinois* (1959), 359 U. S. 121, 155: "\* \* \* Few principles have been more deeply rooted in the traditions and conscience of our people."

To sustain a plea of former jeopardy it must appear:

(1) That there was a former prosecution in the same state for the same offense;

(2) that the same person was in jeopardy on the first prosecution;

(3) that the parties are identical in the two prosecutions; and

(4) that the particular offense, on the prosecution of which the jeopardy attached, was such an offense as to constitute a bar.[2]

The double jeopardy provision of the Fifth Amendment is applicable to the states through the Fourteenth Amendment. *Benton* v. *Maryland* (1969), 395 U. S. 784. Further, the fact that the indictment was brought in the name of the state of Ohio, and the other two charges in the name of the city of Alliance, does not affect the claim of double jeopardy. In *Waller* v. *Florida* (1970), 397 U. S. 387, it was held that the judicial power to try an accused in Municipal Court springs from the same organic law that created the state court with general jurisdiction to try an accused. Thus, the state and the city are parts of a single sovereignty, and double jeopardy stands as a bar to a prosecution by one, after an accused has been in jeopardy for the same offense in a prosecution by the other.[3]

---

[2] 2 Wharton's Criminal Evidence (12 Ed.) 546, Section 652. In the usual case, where a prosecution is brought under state or municipal law, R. C. 2943.09 will ordinarily apply. R. C. 2943.09 reads:

"When a defendant has been convicted or acquitted, or has been once in jeopardy upon an indictment or information, the conviction, acquittal, or jeopardy is a bar to another indictment or information for the offense charged in the former indictment or information, or for an attempt to commit the same offense, or for an offense necessarily included therein, of which he might have been convicted under the former indictment or informaton."

[3] Under Section 3 of Article XVIII of the Ohio Constitution, municipal legislative bodies may not enact laws that are in conflict with general

We turn, then, to consider whether the defendant, having been convicted on the indictment, was put in jeopardy for the "same offense" in the municipal prosecution for violation of city ordinances.

Although it has been argued that the "same offense" should ordinarily include all offenses arising from the same act or transaction,[4] the prevailing rule, both in Ohio and the federal courts, has been otherwise. As stated in *Blockburger* v. *United States* (1932), 284 U. S. 299, 304:

" * * * The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Gavieres* v. *United States*, 220 U. S. 338, 342, and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in *Morey* v. *Commonwealth*, 108 Mass. 433: 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' "[5]

---

laws enacted by the General Assembly. Ordinances enacted by city governments and statutes enacted by the General Assembly derive their authority from the same organic instrument—the Ohio Constitution—and both types of law are enforced through judicial tribunals created under state authority.

[4] *Abbate* v. *United States* (1959), 359 U. S. 187, 196 (separate opinion, Brennan, J.); *Ashe* v. *Swenson* (1970), 397 U. S. 436, 448 (Brennan, J., concurring). See Collier, Multiple Prosecutions When Conduct Constitutes More Than One Offense, 2 Ohio Northern L. Rev. 23. Contra, *e. g.*, *Harris* v. *Washington* (1971), 404 U. S. 55, 57 (Blackmun, J., dissenting).

[5] The rule stated by Ohio courts has been essentially identical. *E. g.*, *Duvall* v. *State* (1924), 111 Ohio St. 657, 146 N. E. 90, paragraph three of the syllabus:

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been

More directly in point, though not differing, is the rule stated in *Mitchell* v. *State* (1884), 42 Ohio St. 383, 391, "* * * that if, in fact, the same identical act had been charged successively in two valid indictments, upon one of which the prisoner had been in jeopardy by a trial, and the evidence necessary to support the second indictment would have been sufficient to prove a legal conviction on the first, the plea of former jeopardy will be sustained to the last indictment, and otherwise not." Under the doctrine that the higher offense includes all the lesser degrees, a judgment as to the higher offense is a bar to a subsequent prosecution for any lesser degree of the same offense. See R. C. 2945.74. Wharton, *supra*, at 551, 553.

In the instant case, defendant was convicted of the charge of homicide by motor vehicle in the first degree. Under former R. C. 4511.181, the elements of that offense are (1) that the accused unlawfully and unintentionally caused the death of another, and (2) that this occurred while the accused was violating either R. C. 4511.19 or one of three other traffic safety statutes.

The basis for defendant's conviction was that he was violating R. C. 4511.19, which provides, in part: "No person who is under the influence of alcohol or any drug of abuse shall operate any vehicle * * * within this state."

Alliance Ordinance No. 333.01(a) provides that "[n]o person who is under the influence of alcohol or any drug of abuse shall operate any vehicle within the municipality," citing R. C. 4511.19. Clearly, a violation of Ordinance No. 333.01(a) would necessarily be a violation of R. C. 4511.19.

To be convicted of a violation of former R. C. 4511.-181, defendant would necessarily have had to be convict-

sufficient to warrant a conviction upon the other. A single act may be an offense against two statutes; and if either statute requires proof of an additional fact, an acquittal of the offense requiring proof of the additional fact does not exempt the defendant from prosecution and punishment under the statute which does not require proof of such additional fact." See, also, *State* v. *Hopkins* (1971), 26 Ohio St. 2d 119, 269 N. E. 2d 595. Cf., *State* v. *Rose* (1914), 89 Ohio St. 383, 106 N. E. 50.

ed of a violation of R. C. 4511.19, by the terms of the statute and of the indictment. Thus, the latter was necessarily a lesser included offense of the former (See *State v. Hreno* [1954], 162 Ohio St. 193, 122 N. E. 2d 681), and, under R. C. 2945.74, defendant could have been convicted of that lesser included offense in the first prosecution. Therefore, defendant was undoubtedly in jeopardy as to the offense of violating both R. C. 4511.19 and the identical municipal ordinance, 333.01, and his first conviction is a bar to a further trial. (Compare R. C. 2943.09 and Crim. R. 31[C].) For that reason, the judgment of the Court of of Appeals is reversed in part, and defendant is discharged as to the offense charged under Ordinance No. 333.01.

We next consider the relationship between the charge of homicide by vehicle, and that of violating Ordinance No. 333.03 by failing to keep an assured clear distance ahead. That ordinance provides that "* * * no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

It is apparent on its face that the ordinance bears no relation to the offense of homicide by vehicle. The only common element to the two offenses is that both involve the operation of a motor vehicle. No element of speed or distance ahead is involved in the offense of homicide by vehicle, and no element of causing death or of violation of the specific statutes cited in former R. C. 4511.181 is involved in the offense of failing to keep an assured-clear-distance ahead. Although both offenses arose out of the same transaction, they are separate and distinct offenses.

This being so, we hold that, as to the assured-clear-distance ahead offense there is no double jeopardy, and therefore the judgment of the Court of Appeals on this portion of the appeal is affirmed.

*Judgment reversed in part and affirmed in part.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.