THE STATE OF OHIO, APPELLANT, *v.* BICKERSTAFF, APPELLEE.

(No. 1064—Decided July 1, 1981.)

*Mr. Gregory W. Happ,* prosecuting attorney, for appellant.

*Mr. James R. McIlvaine,* for appellee.

MAHONEY, J. The state appeals the trial court's dismissal of three counts of aggravated robbery and three counts of aggravated murder committed during an aggravated robbery on the basis of double jeopardy because the court had accepted a plea of guilty to one count of grand theft which the defendant claims was the underlying theft offense on which the aggravated robbery was predicated. We reverse.

### Facts

Teresa Bickerstaff, a seventeen year old, was indicted on November 10, 1980, for the aggravated murders by prior calculation and design of her mother and two younger brothers. She was also charged with the grand theft of her father's car and guns occurring at the same time on August 29, 1980.

On January 8, 1981, the state obtained additional indictments for three counts of aggravated murder:

"* * * while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit aggravated robbery, in violation of Ohio Revised Code 2903.01."

And three more counts of aggravated robbery:

"* * * purposely and in attempting or committing a theft offense as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, upon Fred Bickerstaff, Sr. did have a deadly weapon or dangerous ordnance, to-wit: a gun, on or about his person or under his control, and/or in attempting or committing a theft offense, upon Fred Bickerstaff, Sr. as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, did inflict, or attempted to inflict serious physical harm on another, * * *."

Thereafter upon motion of the state, the trial court consolidated both indict-

ments totaling ten counts for trial. On May 19, the case was called for trial. The defendant then withdrew her not guilty plea to the grand theft charge and entered a plea of guilty. The trial court proceeded to make inquiry of the defendant pursuant to Crim. R. 11 and accepted the plea. The defendant immediately produced a written motion to dismiss all six counts of the January 8 indictment (aggravated robbery and aggravated murder) on the basis of double jeopardy.

The defendant argued that all counts arose out of the same incident and that the grand theft is a lesser included offense of the aggravated robbery. She relied essentially on *Brown* v. *Ohio* (1977), 432 U.S. 161. The trial court sustained the motion and the state now appeals assigning the following errors.

"Assignments of Error

"I. The court erred in dismissing the aggravated robbery and felony murder counts of the indictment on grounds of double jeopardy in that there can be no double jeopardy when all the counts are part of indictments in one proceeding.

"II. The court erred in dismissing the aggravated robbery and felony murder counts on grounds of double jeopardy in that the defendant by her plea of guilty to grand theft waived her right to assert double jeopardy.

"III. The court erred in dismissing the six counts against defendant in that grand theft is not a lesser included offense of robbery, aggravated robbery, or felony murder.

"IV. The court erred in dismissing the aggravated robbery and felony murder counts on grounds of double jeopardy in that there was no prosecutorial misconduct."

For purposes of this opinion we will discuss the third assignment first, then merge the first and second into a further discussion. We summarily reject the fourth assignment as there is no showing that prosecutorial misconduct was involved or formed a basis for the trial court's ruling.

We wish to emphasize that we are not in any way deciding the question of whether grand theft is a lesser included offense of aggravated robbery and aggravated murder (felony) either for purpose of the double jeopardy clause or R.C. 2941.25 or the doctrine of lesser included offenses. We will decide those issues if and when they are properly presented to us after trial upon the merits.

Discussion of Assignment of Error III

Briefly the state's argument is that assuming this is a second prosecution, that double jeopardy does not attach since grand theft is not a lesser included offense of aggravated robbery or in turn aggravated murder. However, we do not feel that we reach that issue in this cause because of the manner the indictments are drawn.

The indictment for grand theft specifies the property stolen as the guns and Datsun automobile of the defendant's father. The aggravated robbery indictments do not specify the particular theft offense but only state that the defendant had a gun under her control etc., while committing a "theft offense" upon her father. The state does not concede that the "theft offense" is the same as that for which she was indicted and pled guilty. Thus, this case is not in a posture where we can decide it before trial as was done in *Harris* v. *Oklahoma* (1977), 433 U.S. 682. The prosecution is still at liberty to prove another or different "theft offense" as defined in R.C. 2913.01. See *Illinois* v. *Vitale* (1980), 447 U.S. 410. See, also, R.C. 2941.25.

It is also to be noted that these indict-

ments are in the alternative of R.C. 2911.01(A)(1) or (2).

### Discussion of Assignments of Error I and II

The state's arguments here are essentially that this is not a second prosecution, and that it is the defendant's choice or action which is voluntarily ending one portion of the first prosecution. We agree.

The fact that two successive county prosecutors of the same county obtained two separate multiple count indictments about sixty days apart is of no consequence. The state had moved to consolidate and there was going to be only one prosecution or trial for all of the offenses arising out of the same transaction. There was no separate independent prosecution. The defendant's plea to the grand theft charge was nothing more than her election to sever a part of the prosecution and face a possible lesser or greater charge separately. Her election does not precipitate the double jeopardy rule against a second prosecution for the same offense. *Jeffers* v. *United States* (1977), 432 U.S. 137; *State* v. *Best* (1975), 42 Ohio St. 2d 530 [71 O.O.2d 517].

The issues would be different had the state not consolidated the indictments or obtained the second after a guilty plea or trial on the first, or even if the state had been granted severance of any of the counts.

### Summary

We sustain the first, second and third assignments of error and overrule the fourth. The judgment of the trial court dismissing the six counts of the January indictments is reversed and hereby vacated. This case is remanded for trial on all nine remaining counts.

*Judgment reversed and case remanded.*

VICTOR, P.J., and QUILLIN, J., concur.