THE STATE OF OHIO, APPELLEE, *v.* BOWLING, APPELLANT.

(No. C-860276—Decided March 11, 1987.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Christian J. Schaefer* and *Claude N. Crowe,* for appellee.

*Hal R. Arenstein,* for appellant.

*Per Curiam.* This cause came on to be heard upon appeal from the Court of Common Pleas of Hamilton County. Defendant-appellant Matthew Bowling was indicted in 1984 for arson. In February 1986, a hearing was held on defendant's continuing refusal to comply with a court order to submit a handwriting exemplar. At the hearing, defendant persisted in his refusal to provide the exemplar, uttered an obscenity, struck an assistant prosecutor, and bit the court bailiff. The trial court, in response, summarily held defendant in contempt for profanity and for scuffling with the assistant prosecutor and the bailiff and sentenced him to unconditional, consecutive terms of incarceration of one year for each offense.

The Hamilton County Grand Jury subsequently returned a two-count indictment against defendant, charging him with assault in violation of R.C. 2903.13 and felonious assault in violation of R.C. 2903.11 for his role in the courtroom fracas. Prior to trial, defendant moved for dismissal of the charges, contending that his previous contempt conviction barred any subsequent prosecution for assault and felonious assault. Following a hearing, the trial court rejected defendant's claim of former jeopardy and overruled the motion. From the court's entry overruling his motion to dismiss, defendant has taken the instant appeal. Trial of the matter has been continued pending the outcome of this appeal.

Defendant on appeal advances a single assignment of error in which he assails the trial court's denial of his motion to dismiss the assault and felonious assault charges. In support thereof, he contends that the state and federal constitutional prohibitions against double jeopardy bar the instant proceedings for assault and felonious assault because those charges were predicated upon the same conduct giving rise to his prior contempt conviction. We find this contention to be untenable.

The guarantees against double

jeopardy contained in Section 10, Article I of the Ohio Constitution, and the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, protect against subsequent prosecution, after a previous conviction or acquittal, for the same offense. *North Carolina* v. *Pearce* (1969), 395 U.S. 711; *State* v. *Best* (1975), 42 Ohio St. 2d 530, 71 O.O. 2d 517, 330 N.E. 2d 421. To sustain a claim of former jeopardy, a defendant must demonstrate that he was previously prosecuted in the same state for the same offense, that the parties in the two prosecutions are identical, and that the offense upon which jeopardy has attached was an offense that would constitute a bar. *Best, supra.*

To be the "same" within the purview of the constitutional prohibition, the offense upon which the former prosecution was predicated and the offense subsequently charged need not be identical either in their constituent elements or in actual proof. *Brown* v. *Ohio* (1977), 432 U.S. 161. When the same act or transaction constitutes a violation of two distinct statutory provisions, the determination of whether the offenses are separate or the same turns upon the question of whether each provision requires proof of a fact that the other does not. *Blockburger* v. *United States* (1932), 284 U.S. 299; *Best, supra.* The focus of this inquiry is on the elements of the offenses. If each statute requires proof of a fact that the other does not, the Double Jeopardy Clause does not operate to bar the subsequent prosecution, despite any overlap in the proof offered to establish the crimes. *Brown, supra*; *Ianelli* v. *United States* (1975), 420 U.S. 770; *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 15 O.O. 3d 262, 400 N.E. 2d 897.

In the instant case, it is undisputed that the judgment of contempt stemming from defendant's courtroom scuffle with the assistant prosecutor and the bailiff was criminal in nature and was imposed pursuant to R.C. 2705.01, which proscribes "direct" contempt and empowers a court to "summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice." Thus, a charge of contempt must be substantiated by proof (1) that the contemnor misbehaved, and (2) that he did so either in the presence of the court or so near the court or judge as to obstruct the administration of justice.

As we noted *supra*, the same conduct for which defendant was held in contempt resulted in his subsequent indictment for felonious assault and assault. Count one of the indictment charged that defendant knowingly caused serious physical harm to the bailiff in violation of R.C. 2903.11; count two charged that defendant knowingly caused or attempted to cause physical harm to the assistant prosecutor in violation of R.C. 2903.13. Thus, the instant charge of felonious assault, as reflected in count one of the indictment and proscribed by R.C. 2903.11(A), must be supported by proof that the defendant (1) acted knowingly, and (2) caused serious physical harm to the bailiff. Similarly, the charge of assault, as reflected in count two and defined in R.C. 2903.13 (A), must be substantiated by proof that the defendant (1) acted knowingly, and (2) caused or attempted to cause physical harm to the assistant prosecutor.

Focusing on the statutory elements of felonious assault and assault as charged in the indictment vis-a-vis the statutory elements of contempt, we find that the offenses are separate for purposes of the constitutional prohibition against double jeopardy. A charge of felonious assault or assault must be substantiated by proof that the defendant acted "knowingly."

Thus, the statutes proscribing felonious assault and assault require proof of animus while the contempt statute does not. In turn, the statute proscribing acts of direct contempt requires proof that the proscribed act occurred "in the presence of or * * * near the court or judge" while the felonious assault and assault statutes do not. Finally, the offenses are distinct in their proscribed results in that a charge of felonious assault or assault requires proof of the infliction or attempted infliction of some degree of physical  harm while a charge of contempt must be supported by proof that the administration of justice was obstructed.

We, therefore, conclude that, although the contempt conviction and the instant felonious assault and assault charges arose out of the same conduct, the offenses are separate and distinct. Accordingly, we overrule the defendant's sole assignment of error and affirm the order of the court below.

*Judgment affirmed.*

SHANNON, P.J., and DOAN, J., concur.