### State v. Strange
*[Cite as 8 AOA 718]*

*Case No. CA90-03-008*
*Preble County, (12th)*
*Decided November 19, 1990*

John Petry, Eaton Municipal Prosecutor, Paul D. Henry, Courthouse, Third Floor, Eaton, Ohio 45320, for Plaintiff-Appellee.

Jeffrey D. Slyman, Gump and Associates, 2541 Shiloh Springs Road, Dayton, Ohio 45426-2197, for Defendant-Appellant.

*Per Curiam.*

This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Eaton Municipal Court, and upon the briefs of counsel, oral argument having been waived. Now, therefore, the assignments of error

having been fully considered are passed upon in conformity with App. R. 12(A) as follows:

Defendant-appellant, Randall S. Strange, appeals a decision of the Eaton Municipal Court overruling his motion to dismiss on the grounds of double jeopardy and a subsequent conviction for failure to control.

On February 1, 1990, appellant was involved in a one-car accident on Wolf Road in Preble County, Ohio. Deputy Thomas Doran of the Preble County Sheriff's Department issued appellant a traffic citation for violating R.C. 4511.202, operating a vehicle without reasonable control, a minor misdemeanor. Deputy Doran did not indicate on the citation that appellant had been convicted of a moving violation within the previous year. He advised appellant that he did not have to appear in court and that he could pay the citation at the traffic violations bureau.

Relying on Doran's advice, appellant went to the traffic violations bureau at the Eaton Municipal Court. He signed the reverse side of the citation indicating that he was "entering a written plea of guilty" and that he waived his right "to contest the offense in a trial before the court or jury." He paid a fine of $58 to the clerk, Sharon Brewster, and received a receipt.

Subsequently, Brewster reviewed appellant's file and saw the accident report indicating that he did not have insurance. Another clerk telephoned a member of appellant's family and notified that person that "a mistake had been made" and that appellant should appear in Eaton Municipal Court the following Monday or a warrant would be issued for his arrest.

Appellant appeared for arraignment the following Monday. That same day, his counsel filed a "Motion to Dismiss and Plea of Former Jeopardy." A hearing was held on this motion on March 20, 1990.

The evidence at the hearing revealed that at the scene of the accident, appellant informed Doran that he did not have insurance. Doran checked with his dispatcher to see if appellant had been convicted of any moving violations within a year. The dispatcher, based on information received from a computer terminal in the Preble County Sheriff's Office, advised Doran that appellant had not been convicted of any moving violations. Doran later checked the computer print-out which did not indicate any moving violations

in the previous year. Doran then asked appellant if he had been convicted of any moving violations within the previous year and appellant replied that he had not. Appellant, who has a ninth grade education, was aware that he had been convicted of reckless operation in August 1989. He testified that he did not know that reckless operation was a moving violation. Because the computer had not indicated any moving violations, he did not tell Doran about the conviction for reckless operation. Doran then told appellant that the citation could be paid through the traffic violations bureau.

Brewster, the clerk at the violations bureau, testified that when appellant came to pay the citation, she asked him if he had insurance and he said that he did. She also testified that she asked him if he had a prior moving violation and he said "no." However, she further testified that she did not specifically remember appellant coming in and paying the citation, nor did she remember what appellant looked like. Appellant testified that he was not asked any questions by the clerk at the violations bureau.

Following the hearing, the trial court overruled appellant's motion to dismiss. The court then conducted a trial on the merits and found appellant guilty as charged. He was fined $40 and ordered to pay $410 as restitution for the property damage caused by the accident. This appeal followed.

Appellant presents two assignments of error for review. In his first assignment of error, he states that the trial court erred in overruling his motion to dismiss. He argues that once he pleaded guilty and paid the fine for the citation he had already been placed in jeopardy and that the trial violated the double jeopardy clauses of the United States and Ohio Constitutions. We find this assignment of error to be well-taken.

The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Brown v. Ohio* (1977), 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, quoting *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 89 S.Ct. 2072, 2076. "[T]he bar to retrial following acquittal or conviction ensures that the State does not make repeated attempts to convict an individ-

ual, thereby exposing him to continued embarrassment, anxiety, and expense, while increasing the risk of an erroneous conviction or an impermissibly enhanced sentence." *Ohio v. Johnson* (1984), 467 U.S. 493, 498-99, 104 S.Ct. 2536, 2540.

The Ohio Supreme Court has stated that to sustain a claim of double jeopardy, "it must appear: (1) That there was a former prosecution in the same state for the same offense; (2) that the same person was in jeopardy on the first prosecution; (3) that the parties are identical in the two prosecutions; and (4) that the particular offense; on the prosecution of which jeopardy attached, was such an offense as to constitute a bar." *State v. Best* (1975), 42 Ohio St. 2d 530, paragraph two of the syllabus.

In the present case, all these criteria have been met. This court has held that jeopardy attaches upon acceptance of a guilty plea. *State v. Turpin* (Dec. 31, 1986), Warren App. No. CA86-02-014, unreported, at 9-10. See also, *United States v. Cruz* (C.A.1, 1983), 709 F.2d 111, 112-13; *United States v. Hecht* (C.A.3, 1981), 638 F.2d 651, 657; *United States v. Sanchez* (C.A.5, 1980), 609 F.2d 761, 762. Appellant was specifically charged with violating R.C. 4511.202, failure to maintain reasonable control of a motor vehicle, a minor misdemeanor. There was no specification in the complaint that this offense was appellant's second moving violation within a one-year period. Upon Doran's advice, appellant went to the traffic violations bureau, entered a written guilty plea and paid his fine. Brewster, the clerk, with authority to do so, accepted the fine and guilty plea, despite the fact that she had the accident report in front of her indicating that appellant had no insurance at the time of the accident. At that point, jeopardy attached and the case was terminated.

Another clerk then called appellant telling him he had to appear in court, not because of the prior moving violation, but because the clerk discovered he had no insurance. It was only after appellant was arraigned that the second moving violation was discovered. Appellant was then tried for the *same offense* to which he had already pleaded guilty. The trial court specifically informed appellant that he was only being charged with a minor misdemeanor, despite the fact that a prior moving violation transforms a violation of

R.C. 4511.202 into a misdemeanor of the fourth degree. R.C. 4511.99(D).

The procedure used in this case was totally improper. The trial judge acknowledged that there was a degree of confusion on the part of all parties involved, but mistakes made by the sheriff's department and the traffic violations bureau cannot be used to justify giving the state a second chance at conviction. Appellant was twice prosecuted and twice punished in complete disregard of the double jeopardy clause. We find that the trial court erred in overruling appellant's motion to dismiss and therefore his conviction must be vacated. Accordingly, appellant's first assignment of error is sustained.

In his second assignment of error, appellant states that the trial court erred in ordering him to pay restitution. We find this assignment of error to be well-taken. Because appellant was twice put in jeopardy for the same offense, the second conviction is void. The trial court had no authority to order him to make restitution. Accordingly, appellant's second assignment of error is sustained.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and appellant is discharged.

JONES, P.J., HENDRICKSON and KOEHLER, JJ., concur.