OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Shearman, Appellant, v. Van Camp, Sheriff, Appellee.

[Cite as Shearman v. Van Camp (1992),    Ohio St.3d    .]

Criminal law -- Motion to dismiss -- Double jeopardy does not
    bar the prosecution of an individual charged with carrying
    a concealed weapon simply because another defendant has
    been convicted of possession of the weapon which forms the
    basis of the charge.

(No. 91-1007 -- Submitted May 12, 1992 -- Decided September 2, 1992.)

Appeal from the Court of Appeals for Clermont County, No. CA90-10-102.

According to the petition and supporting memorandum filed in the instant case, on January 21, 1989, after a gunfight at a Clermont County tavern, police stopped a van in which appellant, Michael Louis Shearman, and two companions named Gregory Phipps and John Bennett were riding. A search of the van produced two handguns: one found at the feet of Bennett and one found under Phipps's seat.

Appellant was indicted on three counts: carrying a concealed weapon, having a weapon while under disability (this count carried a firearm specification), and improperly transporting a firearm. Benett was convicted in 1989 of the same charges and is currently incarcerated.

Subsequently, appellant moved to dismiss the charges against him. He claimed that the constitutional prohibition against double jeopardy should bar his prosecution because Bennett had already been convicted of the same crime involving the same weapon. The trial court denied the motion and appellant appealed. The Court of Appeals for Clermont County dismissed the appeal, holding that "double jeopardy does not bar the prosecution of an individual charged with carrying a concealed weapon simply because another defendant has been convicted of possession of the weapon which forms the basis for [the] charge * * *." State v. Shearman (Apr. 30, 1990), Clermont App. No. CA89-09-078, unreported.

Appellant then filed a petition for a writ of habeas corpus in the Court of Appeals for Clermont County. The petition alleged that the Double Jeopardy Clauses contained in the Ohio and United States Constitutions barred appellant's

prosecution for a crime for which a conviction had already been obtained. Therefore, appellant claimed that he is being illegally held. The court dismissed the petition pursuant to appellee's motion, holding that prosecution of the petition did not violate double jeopardy because the petitioner himself was not subjected to multiple prosecutions or multiple punishments for the same offense.

The cause is before the court upon an appeal as of right.

R. Daniel Hannon and Timothy A. Smith, for appellant.

Donald W. White, Prosecuting Attorney, for appellee John Van Camp, Clermont County Sheriff.

Per Curiam. This case presents two issues for our review. The first is whether appellant has stated a cognizable double jeopardy claim, that is, whether double jeopardy or collateral estoppel precludes appellant's prosecution for the same offenses of which Bennett was convicted. The second is whether habeas corpus is the proper vehicle for reviewing the denial of a motion to dismiss on double jeopardy grounds. We answer the first issue in the negative, affirming the decision of the appellate court, and the second issue is therefore moot.

The Double Jeopardy Clauses contained in the Ohio and the United States Constitutions protect an accused from multiple prosecutions and multiple punishments for the same offense. State v. Thomas (1980), 61 Ohio St.2d 254, 258-260, 15 O.O.3d 262, 265, 400 N.E.2d 897, 902. We stated the requirements for a plea of former jeopardy in State v. Best (1975), 42 Ohio St.2d 530, 71 O.O.2d 517, 330 N.E.2d 421, paragraph two of the syllabus:

"To sustain a plea of former jeopardy, it must appear:

"(1) That there was a former prosecution in the same state for the same offense;

"(2) that the same person was in jeopardy on the first prosecution;

"(3) that the parties are identical in the two prosecutions; and

"(4) that the particular offense, on the prosecution of which the jeopardy attached, was such an offense as to constitute a bar."

According to the second requirement, in order to withstand a motion to dismiss, the petition must allege that the petitioner was in jeopardy in the first action. In the case at bar, appellant does not claim that he was formerly prosecuted for the charged offenses. Instead, the petition states that another person, Bennett, was convicted of the crimes with which the petitioner-appellant is charged. Therefore, the second requirement is not met and a plea of double jeopardy is not proper.

Appellant's claim fails for a similar reason under the doctrine of collateral estoppel. In Ashe v. Swenson (1970), 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, the United States Supreme Court held that collateral estoppel is constitutionally embodied in the Double Jeopardy Clause. Id. at 446, 90 S.Ct. at 1195, 25 L.Ed.2d at 476. The court defined "collateral estoppel" to mean that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue

cannot again be litigated between the same parties in any future lawsuit." (Emphasis added.) Id. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475. Appellant was not a party to the prior action between the state and Bennett. Therefore, collateral estoppel does not bar the state from litigating the same issues in an action against appellant.

For the foregoing reasons, we hold that appellant did not state a cognizable double jeopardy claim. We affirm the decision of the court of appeals dismissing the appellant's petition for a writ of habeas corpus. Because the appellant failed to present a proper double jeopardy claim, the issue as to whether habeas corpus is the proper vehicle for reviewing the denial of a motion to dismiss on double jeopardy grounds is moot.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.