OPINION
Plaintiff-appellant the State of Ohio appeals the June 16, 1998 Judgment Entry of the Richland County Court of Common Pleas, which dismissed a felony charge against defendant-appellee Ronald E. Moton, Jr. on the basis of double jeopardy. The State assigns a single error to the trial court:
 THE TRIAL COURT ERRONEOUSLY FOUND THAT THE CONVICTION OF DEFENDANT-APPELLEE IN MUNICIPAL COURT FOR RECKLESS OPERATION OF MOTOR VEHICLE BARRED SUBSEQUENT PROSECUTION FOR FELONY FAILURE TO COMPLY WITH ORDER OR SIGNAL OF POLICE OFFICER ON DOUBLE JEOPARDY GROUNDS.
On April 30, 1997, appellant was charged with numerous municipal violations, including reckless operation of a motor vehicle, in violation of R.C. 4511.20; speeding, in violation of R.C. 4511.21; and operating a motor vehicle under suspension, in violation of R.C. 4507.02, all arising from a traffic stop of the same date.
On July 15, 1997, appellee pled guilty to operating a motor vehicle under suspension and reckless operation. The trial court fined appellee $266.00 and $50.00 for each charge respectively. The court also sentenced appellee to ten (10) days in the Richland County Jail on the charge of operating a motor vehicle under suspension.
Thereafter, in January 1998, the Richland County Grand Jury indicted appellee on one count of failure to comply with order or signal of police officer, in violation of R.C. 2921.331, a felony of the fourth degree, arising out of the traffic stop on April 30, 1977.
On April 8, 1998, appellee filed a motion to dismiss based upon double jeopardy grounds. On May 4, 1998, appellant filed its memorandum in opposition to the motion to dismiss, asserting on the date in question, the offenses of reckless operation and failure to comply, although arising from the facts of the case herein, occurred separately in time. Further, appellant argued double jeopardy had not attached in the instant case, because each of the offenses at issue contained an element not contained in the other.
In State v. Best (1975), 42 Ohio St.2d 530, the Ohio Supreme Court set out four factors to consider when reviewing claims of double jeopardy: 1) whether there was a prior prosecution in the same state for the identical offense; 2) whether the same person was charged relative to the first prosecution; 3) whether the same parties were involved in both prosecutions; and 4) whether the first offense prosecuted was of such a nature as to constitute a bar to the successive prosecution. Id. at 533.
The Best Court quoted Blockburger v. United States (1932),284 U.S. 299, 304.
. . . the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. Gavieres v. United States, 220 U.S. 338, 342, and authorities cited. In that case [the] court quoted from and adopted the language of the Supreme Court of Massachusetts in Morey v. Commonwealth, 108 Mass. 433: `A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'
 Id. at 534.
Appellant agrees the second and third prongs of the Best test are satisfied in the case sub judice. However, appellant contends the two offenses, reckless operation and failure to comply, are not the same [identical] offense under the first prong of the Best
test; therefore, conviction on the first offense (reckless operation) should not bar prosecution of the second (failure to comply).
R.C. 4511.20, reckless operation of vehicles, provides:
 No person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard for the safety of persons or property.
R.C. 2921.331, failure to comply with order or signal of police officer provides, in pertinent part:
 (B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop
 . . . a violation of division (B) of this section is a felony of the fourth degree if the jury or judge as trier of fact finds any one of the following:
* * *
 (3) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.
Appellant contends the two statutes require proof of an element the other does not. Appellee admits the two offenses are not the same offenses based on differences in their elements of proof. (Appellee's Brief at 1). However, appellee cites this Court to two United States Supreme Court cases modifyingBlockbuster, supra, to support his position the trial court appropriately dismissed the indictment.
In Illinois v. Vitale (1980), 447 U.S. 410, the Supreme Court held even if two successive prosecutions were not barred under theBlockbuster test, a second prosecution would be barred if the State sought to establish an essential element of the second crime by proving the "conduct" for which the defendant was convicted in the first prosecution. If the conduct for which a defendant is convicted in the first prosecution is the same conduct necessary to establish the second prosection, double jeopardy bars the second prosecution. See, Grady v. Corbin (1990) 495 U.S. 508.
The State alleges appellee committed the offense of reckless operation prior to the offense of failure to comply with the police officer. Appellee asserts the reckless operation occurred after the officer gave chase. The trial court reviewed the arguments of the parties and determined the State had failed to demonstrate the two offenses were committed separately. This court will not substitute our judgment for that of the trial court nor will we give the State a second chance at establishing its case against appellee by remanding for further proceedings.
The assignment of error is overuled.
For the foregoing reasons, the judgment of the court of Common Pleas of Richland County, Ohio, is affirmed.
By: Gwin, P.J., Reader J., concurs, and Hoffman, J., dissents.