DECISION AND JUDGMENT ENTRY
Michael Carbaugh appeals his convictions by the Athens County Municipal Court for violations of R.C. 4511.19(A)(1), operating a motor vehicle while under the influence (OMVI), and R.C. 4511.21(A), operating a motor vehicle at a greater speed than would permit him to bring it to a stop within the assured clear distance ahead (ACDA). He assigns the following error:
 THE TRIAL COURT ERRED BY FINDING THE DEFENDANT GUILTY OF DUI AND ASSURED CLEAR DISTANCE AND THEN SENTENCING DEFENDANT PURSUANT TO A PLEA OF DOUBLE JEOPARDY.
In February 2000, appellant struck another vehicle in the rear and failed to stop. The driver of the vehicle noted appellant's license plate number and notified the police. The police traced the license plate to appellant and went to his residence where they observed appellant's truck with fresh damage. When appellant came to the door, the police detected a strong odor of alcohol and slurred speech. Appellant refused a breathalyzer test and was then placed under arrest.
The police issued appellant a ticket for OMVI and ACDA as well as failing to stop and exchange information after an accident in violation of R.C. 4549.02. The state dismissed the violation of R.C. 4549.02; however, a grand jury later indicted appellant for a felony charge of aggravated vehicular assault in violation of R.C. 2903.08(A) and the previously dismissed violation of R.C. 4549.02.
On July 5, 2000, appellant pled guilty in the Athens County Court of Common Pleas to aggravated vehicular assault. On July 26, 2000, appellant appeared before the Athens County Municipal Court on the misdemeanor OMVI and ACDA charges. Appellant's attorney objected to the state's prosecution of appellant on these charges based on double jeopardy. The trial court overruled these objections and appellant pled guilty to OMVI and ACDA; the court sentenced appellant the same day. Appellant filed a timely appeal.
The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution is applicable to the states through the Fourteenth Amendment and provides that no person shall, for the same offense, be twice put in jeopardy of life or limb. See, also, Section 10, Article I, Ohio Constitution. The Double Jeopardy Clause embodies three basic protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. Grady v. Corbin (1990), 495 U.S. 508, citing North Carolina v. Pearce (1969), 395 U.S. 711, 717.
In State v. Best (1975), 42 Ohio St.2d 530, 533, the Ohio Supreme Court set forth four factors to consider when reviewing claims of double jeopardy: (1) whether there was a prior prosecution in the same state for the identical offense; (2) whether the same person was charged relative to the first prosecution; (3) whether the same parties were involved in both prosecutions; and (4) whether the first offense prosecuted was of such a nature as to constitute a bar to the successive prosecution. Id.
at 533.
The Best court noted that the test for determining whether a conviction for one offense bars prosecution of a related offense is set forth inBlockburger v. U.S. (1932), 284 U.S. 299, 304:
 The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. Gavieres v. United States, 220 U.S. 338, 342, and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in Morey v. Commonwealth, 108 Mass. 433: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."
Id. at 534.
Appellant contends that under the Blockburger test, he could not be convicted of OMVI after his plea to aggravated vehicular assault because OMVI is an essential element of aggravated vehicular assault. He also contends that the ACDA conviction should be dismissed.
The relevant statutory provisions provide:
R.C. 2903.08 — Aggravated vehicular assault
 (A) No person, while operating or participating in the operation of a motor vehicle * * * shall cause serious physical harm to another person or another's unborn in either of the following ways:
 (1) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance;
(2) Recklessly.
 R.C. 4511.19 — Driving while under the influence of alcohol or drugs
 (A) No person shall operate any vehicle * * * within this state, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
* * *
R.C. 4511.21 — Speed limits
 (A) No person shall operate a motor vehicle * * * at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.
In Best, supra, the defendant was convicted of homicide by motor vehicle. The elements of that offense included (1) that the accused unlawfully and unintentionally caused the death of another, and (2) that this occurred while the accused was violating either the OMVI statute or one of three other statutes. The state based its prosecution on the defendant's violation of the OMVI statute. The Supreme Court of Ohio held that the defendant could not later be convicted of violating a local ordinance identical to the OMVI statute because in order to be convicted of homicide by motor vehicle, the defendant would necessarily have been convicted of violating the OMVI statute.
Appellant argues that he was convicted of aggravated vehicular assault based on the fact that he was driving while under the influence of alcohol. However, appellant has not provided this Court with the record (particularly the indictment) or the transcript relating to this felony conviction; further, neither the record nor the transcript from the municipal court proceeding indicate whether appellant was indicted and prosecuted for aggravated vehicular assault under subsection (1) or (2). An appellant bears the burden of showing error by reference to the matters in the record. State v. Prince (1991), 71 Ohio App.3d 694;Columbus v. Hodge (1987), 37 Ohio App.3d 68.
If appellant was convicted of aggravated vehicular assault under R.C.2903.08(A)(2), the state would be required to prove that he caused serious physical harm to the victim while recklessly operating a motor vehicle. Under R.C. 4511.19(A)(1), the state would have to prove that appellant was operating a vehicle while he was under the influence of alcohol. Under the Blockburger test, each of these statutes requires proof of a fact that the other does not. In fact, the statutes have entirely different elements. Because appellant did not submit evidence to the lower court establishing that the felony conviction was based on the OMVI statute, he did not properly establish that double jeopardy attached. Further, we cannot make such a finding on appeal absent such evidence in the record.
Likewise, the conviction for aggravated vehicular assault does not preclude the conviction for ACDA. R.C. 4511.21(A) provides that no person shall operate a motor vehicle at such a speed that he or she will be unable to stop within the assured clear distance ahead. Both this statute and R.C. 2903.08(A) require that the violator is operating a vehicle. However, R.C. 2903.08 includes elements of causing serious physical harm to another and doing so either recklessly or as a result of a violation of R.C. 4511.19(A). R.C. 4511.21(A) requires that the violator be traveling at a rate of speed which will preclude stopping within the assured clear distance ahead. Therefore, these statutes both contain at least one element which the other does not. Consequently, a conviction for aggravated vehicular assault does not preclude prosecution for ACDA.
Having found that neither of appellant's convictions in the Athens County Municipal Court violates the Double Jeopardy Clause, we overrule appellant's sole assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment and Opinion
Evans, J.: Dissents
 _______________________ William H. Harsha, Judge