JOURNAL ENTRY and OPINION
{¶ 1} The State of Ohio appeals from a judgment of the common pleas court which granted Karen Zima's motion to dismiss indictments against her for aggravated vehicular assault and driving under the influence of alcohol. The state argues that the court misapplied Statev. Carpenter (1993), 68 Ohio St.3d 59, and erred in granting Zima's motion alleging that the indictments for aggravated vehicular assault and driving under the influence do not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.
 {¶ 2} After a careful review of the record, we agree and have concluded that the court erred in granting Zima's motion to dismiss the charge of aggravated vehicular assault, but properly dismissed the charge of driving under the influence of alcohol. Accordingly, we affirm in part, reverse in part, and remand this case for further proceedings.
 {¶ 3} The record reveals the following facts pertinent to this appeal. On July 3, 2001, Zima operated her vehicle left of center on Broadview Road in Cleveland striking a motorcyclist traveling northbound causing him to be thrown into a utility pole and sustain serious injuries.
 {¶ 4} Cleveland police, investigating the accident, arrived on the scene and arrested Zima after she failed four field sobriety tests. On July 6, 2001, the City of Cleveland filed a complaint in the Cleveland Municipal Court charging Zima with driving under the influence, driving under suspension, failure to yield, and failure to wear a seatbelt. On August 23, 2001, a Cuyahoga County Grand Jury returned a three-count indictment against Zima, charging her with two counts of aggravated vehicular assault and one count of driving under the influence. Subsequently, on August 27, 2001, Zima appeared in Cleveland Municipal Court and pled no contest to driving under the influence and the city nolled the remaining charges. On October 3, 2001, the municipal court sentenced her to 27 days in jail, imposed one year of probation with a license suspension and ordered her to complete the MADD program. Her counsel at that time informed the court of pending felony charges in common pleas court, but the municipal court judge stated:
 {¶ 5} "I don't think that charge is going to hold any water because they chose to charge her with two forms and I think jeopardy is going to attach and that way, the case is going to go away with the dinosaurs.
 {¶ 6} "That's my personal belief that the city prosecutor made an error for charging the case here. If their real goal was to charge it as a felony, they should have just charged it there as a felony, piggy-back the DUI on the aggravated vehicular assault. I don't know. Certainly, in my view with sentencing and that is going to have a very strong argument for double jeopardy in any case in common pleas court and with respect to this, I understand the DUI."
 {¶ 7} On October 22, 2001, at her appearance in common pleas court, Zima moved to dismiss the felony charges, contending the indictments violated double jeopardy based on her no contest plea in the Cleveland Municipal Court and the above-cited comments of the municipal court judge. The state objected and following a hearing, the court, after quoting the above statements of the municipal court judge, ruled that the indictments for aggravated vehicular assault violated the Double Jeopardy Clause of the United States and Ohio Constitutions, and that under Statev. Carpenter, the "state could not indict the defendant in the instant matter because she reasonably relied on her former negotiated plea agreement, and neither the Prosecutor nor anyone else on the record informed the defendant that she would be facing additional felony charges * * *."
 {¶ 8} The state now appeals pursuant to R.C. 2945.67(A) raising two assignments of error. The first states:
 {¶ 9} "THE TRIAL COURT MISAPPLIED STATE V. CARPENTER AND IMPROPERLY DISMISSED THE INDICTMENT IN THE INSTANT MATTER."
 {¶ 10} The state contends the common pleas court misapplied Statev. Carpenter, and improperly dismissed the indictments. Zima argues the felony prosecution should be barred because by entering her plea of guilty to driving under the influence, she reasonably and justifiably anticipated termination of criminal charges against her.
 {¶ 11} In Carpenter, the Ohio Supreme Court held:
 {¶ 12} "The state cannot indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense and the victim later dies of injuries sustained in the crime, unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea."
 {¶ 13} Here, the trial court determined:
 {¶ 14} "Applying the ruling from State v. Carpenter (1993), 68 Ohio St.3d 59, the state could not indict the defendant in the instant matter because she reasonably relied on her former negotiated plea agreement, and neither the prosecutor nor anyone else on the record informed the defendant that she would be facing additional felony charges, thus reserving the state's right to lodge additional criminal charges against this defendant."
 {¶ 15} We note that Carpenter has been limited to cases with similar fact patterns, i.e. the subsequent death of a victim following the conviction on a lesser offense. See State v. Browning, (April 22, 2001), Cuyahoga App. No. 77972; hence it cannot be applied to the facts in this case. Thus, the court erred in following Carpenter, andtherefore, the state's first assignment of error has merit and is sustained.
 {¶ 16} "THE STATE'S PROSECUTION OF APPELLEE FOR AGGRAVATED VEHICULAR ASSAULT DOES NOT VIOLATE DOUBLE JEOPARDY."
 {¶ 17} In its second assignment of error the state contends the common pleas court erred in granting Zima's motion to dismiss the aggravated vehicular assault charges on double jeopardy grounds. Zima argues that her plea in the municipal court prevented the state from bringing any additional charges against her.
 {¶ 18} It is well established that the Double Jeopardy Clause protects against successive prosecutions for the same offense. UnitedStates v. Dixon (1993), 509 U.S. 688, 696, 113 S.Ct. 2849,125 L.Ed.2d 556, citing North Carolina v. Pearce (1969), 395 U.S. 711, 717,23 L.Ed.2d 656, 89 S.Ct. 2072; State v. Lovejoy (1997), 79 Ohio St.3d 440,443.
 {¶ 19} Double jeopardy embodies three basic protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. Grady v. Corbin (1990), 495 U.S. 508,109 L.Ed.2d 548, 110 S.Ct. 2084, citing North Carolina v. Pearce (1969),395 U.S. 711, 717, 23 L.Ed.2d 656, 89 S.Ct. 2072.
 {¶ 20} In State v. Best (1975), 42 Ohio St.2d 530, 533, the court set forth four factors to consider when reviewing claims of double jeopardy: (1) whether there was a prior prosecution in the same state for the identical offense; (2) whether the same person was charged relative to the first prosecution; (3) whether the same parties were involved in both prosecutions; and (4) whether the first offense prosecuted was of such a nature as to constitute a bar to the successive prosecution. Id. at 533.
 {¶ 21} The court in Best reiterated the test to determine whether a conviction for one offense bars prosecution of a related offense as set forth in Blockburger v. United States (1932), 284 U.S. 299, 304,75 L.Ed. 306, 52 S.Ct. 180:
 {¶ 22} "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. Gavieres v. United States, 220 U.S. 338, 342, 55 L.Ed. 489, 31 S.Ct. 421, and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in Morey v. Commonwealth, 108 Mass. 433: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."
 {¶ 23} In order to address the issue of double jeopardy, we must first review the elements of aggravated vehicular assault under R.C.2903.08 which provides:
 {¶ 24} "(A) No person, while operating or participating in the operation of a motor vehicle * * * shall cause serious physical harm to another person or another's unborn in either of the following ways:
 {¶ 25} "(1) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance;
 {¶ 26} "(2) Recklessly."
 {¶ 27} Driving while under the influence of alcohol or drugs under R.C. 4511.19 provides:
 {¶ 28} "(A) No person shall operate any vehicle * * * within this state, if any of the following apply:
 {¶ 29} "(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse."
 {¶ 30} Aggravated vehicular assault proscribes causing serious physical harm to another while operating a motor vehicle either as the proximate result of driving under the influence of alcohol or recklessly. The sentencing scheme set forth under the amended version of R.C. 2903.08
presupposes a conviction under either provision.
 {¶ 31} The common pleas court determined that under Best, Zima could not be convicted of aggravated vehicular assault following her plea in the municipal court to driving under the influence because driving under the influence is an essential element of aggravated vehicular assault. This, however, is not correct.
 {¶ 32} Under the Blockburger and Best tests, each of these statutes requires proof of a fact that the other does not. In order to convict Zima of aggravated vehicular assault under R.C. 2903.08(A)(2), the state would only be required to prove that she caused serious physical harm to the victim while recklessly operating a motor vehicle. The state does not have to prove the elements of R.C. 4511.19(A)(1), i.e. that Zima was operating a vehicle while she was under the influence of alcohol. Consequently, a conviction for driving under the influence cannot preclude that prosecution for aggravated vehicular assault.
 {¶ 33} We recently addressed the use of double jeopardy in the context of aggravated vehicular assault and driving under the influence of alcohol in State v. Strzala (April 29, 2001), Cuyahoga App. No. 79182, where we held:
 {¶ 34} "As can be seen from the statutory language for these two offenses, the facts needed for a conviction of R.C. 2903.08 require additional facts which are not required by the other offense, to-wit, R.C. 2903.08 requires recklessness or a violation of R.C. 4511.19. Thus, double jeopardy does not attach."
 {¶ 35} Here, it was error to hold that aggravated vehicular assault requires as an element the violation of R.C. 4511.19, driving under the influence of alcohol. Aggravated vehicular assault may also be shown by proving reckless behavior. Thus, it was error to grant Zima's motion to dismiss as to the counts of aggravated vehicular assault.
 {¶ 36} However, the court correctly dismissed the count of driving under the influence because it is barred, since Zima cannot be twice convicted of the same offense arising out of the same incident. At the hearing on the motion to dismiss in common pleas court and at oral argument before our court, the state conceded that this charge should be dismissed.
 {¶ 37} Accordingly, the state's second assignment of error has merit. The judgment of the common pleas court is affirmed as to its dismissal of the driving under the influence charge but is reversed as to its dismissal of the aggravated vehicular assault charges. This case is therefore remanded to common pleas court for further proceedings consistent with this opinion.
 {¶ 38} This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that each party bear its own costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATECONCURRING OPINION); ANNE L. KILBANE, P.J., CONCURS IN PART AND DISSENTSIN PART (WITH SEPARATE CONCURRING AND DISSENTING OPINION).
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).