[No. B078528. Second Dist., Div. Six. June 8, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK CORNELIUS THOMAS, Defendant and Appellant.

COUNSEL

Susan B. Lascher, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gory and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

YEGAN, J.—Frank Cornelius Thomas was convicted of felony driving under the influence of alcohol with three prior offenses (Veh. Code, §§ 23152, subd. (a), 23175) and driving with knowledge that his license was suspended or revoked (Veh. Code, § 14601.2, subd. (a)). He also admitted having served two prior prison terms within the meaning of Penal Code section 667.5 subdivision (b)). He was sentenced to state prison for an aggregate unstayed term of four years; the middle two-year term on the substantive offense and one year each for the prior prison terms. Prior thereto, his plea of "once in jeopardy" was rejected. He appeals contending, inter alia, that ". . . filing the felony complaint after appellant already pleaded guilty to the misdemeanor charges violated the constitutional prohibition against double jeopardy . . . [and] a trial court lacks authority to

withdraw an accepted guilty plea on its own motion." These contentions are without merit and we affirm the judgment.

Appellant was originally charged in a misdemeanor complaint, No. 92S004781, in the Ventura County Municipal Court, with driving under the influence on August 7, 1992, with two prior driving-under-the-influence convictions. He was also charged with driving with a blood-alcohol level of .08 percent or greater. At arraignment, appellant and the district attorney entered into a negotiated disposition. Appellant agreed to plead guilty to driving with a blood-alcohol level of .08 or greater and admit the two priors with the remaining count to be dismissed. Appellant executed a written *Tahl* waiver. (*In re Tahl* (1969) 1 Cal. 3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) The trial court accepted the plea and the admissions, dismissed the remaining count, and immediately started to impose sentence.

As the trial court was explaining the terms and conditions of formal probation, it warned appellant that ". . . should you be arrested again for this charge, it may be charged against you as a felony in the Superior Court. Instead of talking about how many days of jail, they'll be talking about how many years in prison."

As the trial court told appellant that his driving privilege was revoked, it paused and then said: "The court, rather than continue with the proposed grant of probation, is going to vacate the order it started granting probation, and set aside the defendant's plea. In reviewing the teletype as the court is required to do, I find that this is the defendant's fourth conviction, a DUI in '87, a broken DUI alcohol related reckless in '89, a 1990 conviction, I cannot in good faith go forward on the negotiated disposition that was based on a false premise. The plea is set aside, the order initiated [*sic*] granting probation is vacated, counsel may proceed to discuss the matter based on the present complaint. Or the district attorney may not wish to proceed on the present complaint. But everything I have done so far, save the appointment of the public defender is vacated. If counsel are of a mind to proceed on the complaint and wish me to go forward today with a different negotiated disposition I'll be happy to discuss that."

The district attorney elected to dismiss the misdemeanor complaint after filing a felony complaint, ultimately numbered CR30195. Appellant entered pleas of not guilty and "once in jeopardy."

On the latter plea, the superior court expressly ruled: "It's pretty fundamental that a judge has to approve a plea in a plea bargain. So we've got a plea bargain situation here where the judge originally said 'I accept your

plea,' but then the judge found out things that he didn't know about when he originally accepted the plea. [¶] And what happened in this case is he withdrew his acceptance of the defendant's plea and didn't accept it because the defendant had other prior convictions that the judge felt not only would change the sentence, but change the entire character of the offense as a felony instead of a misdemeanor. . . . [¶] So my opinion is the plea's not final. And before it was final, the judge withdrew his acceptance of the plea and didn't accept it. And the defendant can't plead guilty in a plea bargain situation without the acceptance of the judge of the plea."

"No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb. . . ." (U.S. Const., 5th Amend.) "Persons may not twice be put in jeopardy for the same offense. . . ." (Cal. Const., art. I, § 15.) The Legislature has implemented the constitutional mandate in various forms. A defendant may plead "former conviction." (Pen. Code, § 1017, subd. 3) or "once in jeopardy" (Pen. Code, § 1017, subd. 4). "When the defendant is convicted or acquitted or has been once placed in jeopardy upon an accusatory pleading, the conviction, acquittal, or jeopardy is a bar to another prosecution for the offense charged in such accusatory pleading, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that accusatory pleading." (Pen Code, § 1023; see also Pen. Code, §§ 654, 656, 687, 793, 794, 1118.2.)

■ Here, there were no issues of fact and appellant submitted his plea of "once in jeopardy" to the trial court for its decision. ■ "Where, as here, there is no dispute as to the facts, whether defendant was formerly convicted or was formerly once in jeopardy is a question of law and not of fact. [Citations.]" *People* v. *Sturdy* (1965) 235 Cal.App.2d 306, 315 [45 Cal.Rptr. 203].)

■ In taking a guilty plea and approving a negotiated disposition, the trial court retains the inherent power to withdraw its approval at the time of sentencing. "Every court has inherent power to prevent abuse of its process and to conform its procedures to the fundamentals of due process." (*People* v. *Clark* (1968) 264 Cal.App.2d 44, 46 [70 Cal.Rptr. 324].) This rule allows a trial court ". . . to set aside the plea [of guilty] on its own initiative prior to the entry of judgment." (*Id.*, at pp. 46-47 [cf. *Gonzales* v. *Municipal Court* (1973) 32 Cal.App.3d 706, 713-714 [108 Cal.Rptr. 612]; trial court may not set aside guilty plea and vacate a *final judgment*].) A trial court should not have to honor a tentative commitment based on a false premise. Crediting appellant's contention would require the trial court to sentence a defendant contrary to its conscientiously articulated view that such a sentence would not be in the interests of justice. "Our courts are not gambling halls but

forums for the discovery of truth." (*People* v. *St. Martin* (1970) 1 Cal.3d 524, 533 [83 Cal.Rptr. 166, 463 P.2d 390]; *People* v. *Cooper* (1991) 53 Cal.3d 771, 851 [281 Cal.Rptr. 90, 809 P.2d 865].) Here the truth was discovered prior to the finality of judgment.

The Legislature has expressly provided that "[i]f such plea is not accepted by the prosecuting attorney and approved by the court, the plea shall be deemed withdrawn and the defendant may then enter such plea or pleas as would otherwise have been available." (Pen. Code, § 1192.5.)

Appellant seizes upon the court's initial acceptance of the plea. In essence he claims that thereafter, the trial court was without power to change its mind even when it found out that there was another prior. The very facts of this case illustrate why the trial court, before judgment is final, retains the power to withdraw its approval and vacate the guilty plea sua sponte. It had just advised appellant that a fourth offense would subject him to felony prosecution. Then, consistent with the requirement that it look at the Department of Motor Vehicles record before pronouncing judgment (Veh. Code, § 13209; *Stenback* v. *Municipal Court* (1969) 272 Cal.App.2d 27, 31 [76 Cal.Rptr. 917]), the trial court discovered that the August 7, 1992 offense was appellant's fourth offense! The trial court's conscience was offended and it could not honor the negotiated disposition. In these circumstances, the trial court has the power to sua sponte vacate the defendant's plea and admissions.

Nothing in *People* v. *Bryant* (1992) 10 Cal.App.4th 1584 [13 Cal.Rptr.2d 601], relied upon by appellant, dictates a contrary result. " 'Jeopardy attaches, and a defendant is deemed to have been placed on trial, upon a regular entry of a plea of guilty [citations]. It has been held that a guilty plea is equivalent to a conviction and, *if allowed to stand*, it bars a subsequent prosecution for the same offense, and a plea of former conviction is good [citations].' " (*Id.* at pp. 1596-1597; cf. *People* v. *Mims* (1955) 136 Cal.App.2d 828, 832 [289 P.2d 539], which does not purport to deal with withdrawal from a negotiated plea and disposition.) Here, the plea and admissions were not allowed to stand. Final approval was withdrawn upon the trial court's ascertainment that it was appellant's fourth offense.

Similarly, nothing in *People* v. *Thompson* (1970) 10 Cal.App.3d 129 [88 Cal.Rptr. 753], relied upon by appellant, dictates a contrary result. There, the Court of Appeal determined that the trial court abused its discretion as a matter of law when it sua sponte vacated appellant's plea to felony grand theft auto. Despite its disclaimer that it was casting no aspersions on law enforcement personnel (at p. 133), it is apparent that the trial court's

motivation for doing so was its disapproval of the manner in which similar cases were being handled by law enforcement and its officials. The court announced that it was prejudiced in the matter and that it should be heard by another judge. (*Id.*, at p. 133.)

No such considerations are here present. The withdrawal of the plea was based solely on the trial court's ascertainment of the correct number of appellant's prior offenses. It was not prejudiced against appellant and even offered to renegotiate the case based upon the parties and the court's taking into consideration the fact that it was appellant's fourth offense.

The purpose of the "once in jeopardy" provision is that " ' "the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." ' [Citations.]" (*Bryan v. Superior Court* (1972) 7 Cal.3d 575, 581 [102 Cal.Rptr.2d 831, 498 P.2d 1079].)

"The Clause addresses a further concern as well, that the government not be given the opportunity to rehearse its prosecution, 'honing its trial strategies and perfecting its evidence through successive attempts at conviction . . . .' " (*United States* v. *Dixon* (1993) __ U.S. __, __ [125 L.Ed.2d 556, 601, 113 S.Ct. 2849] (conc. & dis. opn. of Souter, J.).)

" ' "The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. . . ." ' (*Serfass* v. *United States, supra,* 420 U.S. 377, 387 [43 L.Ed.2d 265, 273, 95 S.Ct. 1055].) Courts 'have disparaged "rigid, mechanical" rules in the interpretation of the Double Jeopardy Clause. [Citation.]' (*Id.,* at p. 390 [43 L.Ed.2d at p. 275].) 'The exaltation of form over substance is to be avoided.' (*United States* v. *DiFrancesco* (1980) 449 U.S. 117, 142 [66 L.Ed.2d 328, 349, 101 S.Ct. 426].)" (*People* v. *Saunders* (1993) 5 Cal.4th 580, 593 [20 Cal.Rptr.2d 638, 853 P.2d 1093].)

Were we to accept appellant's contention, we would violate the spirit, if not the letter, of each of the purposes and concerns addressed by jeopardy rules. Here, there was and is no possibility of the defendant being subjected to embarrassment, expense and ordeal, anxiety and insecurity. There was no honing of trial strategies or rehearsing of evidence. There was no possibility that appellant was innocent or subjected to the hazard of retrial

and possible conviction more than once for the alleged offense. We do not exalt form over substance and we do not rigidly or mechanically apply "double jeopardy" rules.

The judgment is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.

A petition for a rehearing was denied July 6, 1994, and appellant's petition for review by the Supreme Court was denied September 7, 1994.