**The STATE of Ohio, Appellee,**

**v.**

**KNAFF, Appellant.**

[Cite as *State v. Knaff* (1998), 128 Ohio App.3d 90.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970162.

Decided May 29, 1998.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.,* Assistant Prosecuting Attorney, for appellee.

*Richard A. Magnus,* for appellant.

---

MARIANNA BROWN BETTMAN, Judge.

Defendant-appellant Jarron Knaff appeals from his conviction and sentence on one count of failure to comply with the order of a police officer, a fourth-degree felony.[1]

## FACTS

On November 14, 1996, Knaff was driving a car in the Queensgate section of Cincinnati when a police officer attempted to pull him over for an outstanding warrant. Instead of stopping, Knaff ran a red light and led the police on a long, high-speed chase from the West End to I–75, then to I–71. Knaff traveled at speeds in excess of eighty miles per hour, weaving in and out of traffic and almost losing control of the car. Eventually, he exited from I–71 at Montgomery Road, ran another red light, and bailed out of the car. The police pursued him on foot and eventually apprehended him. Knaff was charged with several offenses, only two of which, reckless operation of a vehicle and failure to comply with an order of a police officer, are involved in this appeal.

## MUNICIPAL COURT: MISDEMEANOR OFFENSE

On November 25, 1996, in municipal court, Knaff pleaded guilty to the misdemeanor offense of reckless operation of a vehicle, in violation of Cincinnati Municipal Code 506.6. This section provides:

"No person shall operate a vehicle on any street or highway without due regard for the safety of persons or property."

After the municipal court judge accepted the guilty plea, the prosecutor moved to dismiss the charge. The court complied, noting that the case was being dismissed without a finding.

## COMMON PLEAS COURT: FELONY CHARGE

Knaff was also indicted on the felony offense of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B) and (C)(3). This statute provides in relevant part:

---

1. We have *sua sponte* removed this case from the accelerated calendar.

"(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop.

"(C) * * * A violation of division (B) of this section is a misdemeanor of the first degree, except that a violation of division (B) of this section is a felony of the fourth degree if the jury or judge as trier of fact finds any one of the following by proof beyond a reasonable doubt:

"* * *

"(3) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."

Knaff filed a motion to dismiss the felony portion of the charge in the common pleas court, arguing that there was a former prosecution in the state for the same offense, namely the reckless-operation charge to which the municipal court had accepted Knaff's plea of guilty. Knaff argued that the reckless-operation offense was a lesser included offense of the felony failure-to-comply charge and, therefore, that the state could prosecute him only for a misdemeanor violation of R.C. 2921.331(B).

The court of common pleas overruled Knaff's motion to dismiss, ruling that the reckless-operation charge was dismissed before jeopardy had attached because the municipal court judge made no finding. Knaff then entered a no-contest plea to the failure-to-comply charge and was found guilty. The court sentenced him to one year of imprisonment. Knaff brings his appeal from this conviction and sentence.

## ASSIGNMENTS OF ERROR

In his first and second assignments of error, Knaff argues that the common pleas court's failure to dismiss the felony portion of the indictment and the court's subsequent entry of conviction and sentence on the felony offense placed him in jeopardy twice for the same offense in violation of the Fifth Amendment to the United States Constitution and Section 10, Article I, of the Ohio Constitution.

■ We must first determine whether jeopardy had attached to the misdemeanor offense in this matter. The common pleas court judge ruled that jeopardy had not attached to the reckless-operation offense because the municipal court judge dismissed the charge without a finding. However, when a defendant pleads guilty to a charge, the court does not make a finding, but merely evaluates whether the plea complies with Crim.R. 11. See Crim.R. 11; R.C. 2937.07; *State v. Ricks* (1976), 48 Ohio App.2d 128, 2 O.O.3d 104, 356 N.E.2d 312. After entering into the Crim.R. 11 colloquy with the defendant, the municipal court judge accepted the guilty plea. We hold that jeopardy attached on the reckless-

operation charge when the court accepted Knaff's plea of guilty.[2]   In doing so, we join a long line of cases holding this, best explained by the court in *State v. Turpin* (Dec. 31, 1986), Warren App. No. CA86–02–014, unreported, 1986 WL 15291:

"[A] guilty plea by itself is a complete admission of the defendant's guilt sufficient to permit a guilty finding.  * * * [N]o factual basis for a guilty plea is required before a conviction may be entered.  * * *

"[A]n accepted guilty plea in an Ohio criminal proceeding is the equivalent of the defendant taking the witness stand and admitting under oath his guilt of the offense charged.  * * * [A] guilty plea is conclusive [of guilt] in itself without any supporting evidence."

Having held that jeopardy attached to the misdemeanor offense, we must still decide whether prosecuting Knaff for the felony offense of failure to comply constitutes double jeopardy.

The Double Jeopardy Clause prohibits multiple prosecutions for the same offense.  As stated in *State v. Best* (1975), 42 Ohio St.2d 530, 71 O.O.2d 517, 330 N.E.2d 421, paragraph two of the syllabus:

"To sustain a plea of former jeopardy it must appear:

"(1) That there was a former prosecution in the same state for the same offense;

"(2) that the same person was in jeopardy on the first prosecution;

"(3) that the parties are identical in the two prosecutions;  and

"(4) that the particular offense, on the prosecution of which the jeopardy attached, was such an offense as to constitute a bar."

In order to determine whether the reckless-operation offense is the type of offense which constitutes a bar for double-jeopardy purposes, we must apply the *Blockburger* test, which provides:

"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."  *Blockburger v. United States* (1932), 284 U.S. 299,

---

**2.**   See *State ex rel. Leis v. Gusweiler* (1981), 65 Ohio St.2d 60, 19 O.O.3d 257, 418 N.E.2d 397; *State ex rel. Sawyer v. O'Connor* (1978), 54 Ohio St.2d 380, 382, 8 O.O.3d 393, 394–395, 377 N.E.2d 494, 497; *State v. Turpin* (Dec. 31, 1986), Warren App. No. CA86–02–014, unreported, 1986 WL 15291; *State v. James* (June 13, 1986), Wood App. No. WD–85–59, unreported, 1986 WL 6691.  Cf. *State v. Reddick* (1996), 113 Ohio App.3d 788, 682 N.E.2d 38; see, generally, Annotation, Plea of Guilty as Basis of Claim of Double Jeopardy in Attempted Subsequent Prosecution for the Same Offense (1961), 75 A.L.R.2d 683.

304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309. See, also, *United States v. Dixon* (1993), 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556.

The state argues that the reckless-operation charge and the failure-to-comply charge stemmed from factually different circumstances, *i.e.*, that the reckless-operation citation was based upon Knaff's behavior at a certain point in the chase and that the rest of the chase gave rise to the failure-to-comply offense. We disagree. The prosecutor and defense counsel stipulated below that the two charges arose out of the same incident. Unlike *State v. Reddy* (Sept. 6, 1995), Lorain App. No. 94CA005972, unreported, 1995 WL 523354, a case relied on by the state, there was no event in this case separating the offenses. The failure-to-comply charge in this case arose from a single, continuous offense that began when Knaff willfully fled from the police officer and ended when he was caught. Compare *Blockburger* at 302–303, 52 S.Ct. at 181–182, 76 L.Ed. at 308–309. The reckless driving took place during this chase.

When we apply the *Blockburger* test to the case before us, it is clear that the felony failure-to-comply offense required proof of several additional facts separate from the reckless-operation offense. However, the reckless-operation offense did not require proof of any fact beyond those required for felony failure to comply. Under the elements, it is impossible to commit the felony version of the failure-to-comply offense—operation of a motor vehicle causing a substantial risk of serious physical harm to persons or property—without also violating the city ordinance—operation of a vehicle without due regard for the safety of persons or property. Knaff was placed in jeopardy once for this reckless driving during the chase, and, therefore, he could not be prosecuted again. While we believe that Knaff's actions warranted the more serious charge, we cannot ignore the law because of an apparent procedural miscue.

We hold that jeopardy attached to the reckless-operation charge and that the subsequent prosecution of Knaff for the felony offense of failure to comply violated the Double Jeopardy Clause. Therefore, the trial court erred in overruling Knaff's motion to dismiss the felony version of the failure-to-comply charge.

## CONCLUSION

The first and second assignments of error are sustained. Knaff's third assignment of error, challenging his sentence on the felony charge, is rendered moot by this decision. The judgment of the trial court is reversed, and the matter is remanded to the trial court with instructions to enter judgment for a

misdemeanor violation of R.C. 2921.331(B) and to sentence the defendant accordingly.

*Judgment reversed*
*and cause remanded.*

PAINTER, J., concurs.

HILDEBRANDT, P.J., dissents.

PAINTER, Judge, concurring.

I concur in the above analysis because it states what is unquestionably the law: jeopardy attaches when a guilty plea is accepted, not proffered. Here, for some unknown reason, the prosecution proceeded in separate courts on similar charges and realized its mistake about five minutes too late. Prosecuting a defendant for misdemeanors in municipal court and for felonies in the court of common pleas has always been fraught with peril of just this result. "A defendant should answer at one time and in one court for crimes committed at one time and in one place." [3] Here, we have at least two judges, two prosecutors, two court reporters, and two sets of bailiffs, clerks and other supernumeraries involved in needless—and in this case counterproductive—duplication of effort, the upshot of which is this appeal, involving another set of judges, lawyers, clerks, etc., to determine the legal import of this procedure.

We have enough criminals, and enough cases, without the added problems created by this type of bifurcation of charges.[4] Though I do not necessarily approve of the end result here, we must follow constitutional mandates. We cannot engraft exceptions or modifications onto constitutional principles, much as we might like to do so. The dissent's proposed exception to the rule that jeopardy attaches upon the trial court's acceptance of a guilty plea—that the trial judge must be "fully informed of the particulars"—would require the judge to conduct a Crim.R. 11 colloquy with himself or herself before accepting a guilty plea. And if it were necessary for the judge to first know everything about the circumstances of the case, including the facts, and whether there were other charges pending, a Pandora's box would indeed be open. Such a caveat to all guilty pleas would make the trial court's function impossible and render voidable most guilty pleas. Surely, such a far-reaching rule would not be welcomed by the prosecution.

---

**3.** *State v. Gartrell* (1995), 103 Ohio App.3d 588, 590, 660 N.E.2d 527, 529 (Painter, J., concurring).

**4.** *Id.* at 590–591, 660 N.E.2d at 529.

It is not the defendant's job to conduct the prosecution against him, and the defense here had no duty to tell the court or the prosecutor of the indictment already procured by the prosecution itself. The dissent is quite correct that the defendant had no absolute right to plead guilty, and the trial court could have refused to accept the plea. But that is not the case here.

It is also important to note that the reckless-operation offense, to which the defendant pleaded guilty, barred prosecution of the failure to comply only as a felony. The defendant here can receive a sentence of six months for the failure-to-comply offense. He cannot receive the felony sentence because jeopardy has attached to the element that elevates the offense to a felony.

HILDEBRANDT, Presiding Judge, dissenting.

I must dissent from the decision of my colleagues holding that the Double Jeopardy Clauses of the Ohio and United States Constitutions bar Knaff's felony conviction for failure to comply. The majority employs an overly mechanical reading of the cases interpreting when jeopardy attaches to a plea before a trial judge, with the result that double jeopardy protection is extended to situations never contemplated by the state or federal Constitutions.

The Double Jeopardy Clause protects a criminal defendant against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and the imposition of multiple punishments for the same offense.[5] In both *Gusweiler* and *O'Connor*, cited by the majority, the trial judges had accepted the defendants'. no-contest pleas and proceeded to find the defendants guilty of offenses that were lesser-included offenses to the ones charged. In each case, the state argued that the trial court had no authority to find the defendant guilty of any offense except the one with which he was charged. The Ohio Supreme Court held in both cases that the courts did have such authority.

Addressing the state's argument that the defendant could still be charged with the greater offense, the court in *Gusweiler* referred to its statement in *O'Connor* that the "defendant was placed in jeopardy at the time the trial court exercised its discretion to accept a no contest plea." The court further stated in *Gusweiler*:

"Here, the [trial judge] exercised his discretion to accept a no contest plea and resolved the factual elements of the charged offense against the state by indicating his intent to find the defendant guilty of an attempt rather than guilty of the principal charge. Thus, jeopardy has attached in this case."[6]

---

5. *Brown v. Ohio* (1977), 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 193–194.

6. *Gusweiler, supra,* 65 Ohio St.2d at 61, 19 O.O.3d at 258, 418 N.E.2d at 398.

Therefore, in both cases, the court found that the trial judges had made factual determinations against the state on the principal charges, and in effect acquitted the defendants of those charges by finding them guilty of lesser offenses. Quite clearly, when a defendant has been acquitted of an offense, double jeopardy precludes relitigation of that charge.

But that is not the case here. The trial judge made no findings at all, and in fact requested the state to provide the factual basis for the charge before any findings were made. *Gusweiler* and *O'Connor* are inapposite here and do not require a finding that the defendant was placed in jeopardy at the moment the court stated that the plea would be accepted. Moreover, the United States Supreme Court, in a case overturning an Ohio Supreme Court decision, rejected the defendant's argument that "a determination of guilt and punishment on one count of a multicount indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded."[7]

Rather, the court stated that the defendant had offered to resolve only one part of the charges against him, and that "acceptance of the guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an 'implied acquittal' " such as the courts found in *Gusweiler* and *O'Connor*. Of course, the acceptance of the guilty plea on the lesser-included offense would bar, pursuant to double jeopardy principles, multiple punishments for the same offense, so that the defendant would be entitled to be credited with time served if convicted of the greater offense, *but prosecution of the greater offense is not prohibited*.[8] Thus, even agreeing with the majority view that jeopardy attached when the court stated that the plea was accepted, I must still dissent because on the authority of *Ohio v. Johnson*, prosecution of the greater offense is not barred by the Double Jeopardy Clause.

In this case, I do not believe that jeopardy even attached. I do not disagree entirely with my colleagues that jeopardy attaches when a defendant enters a plea and a trial court accepts that plea. I do disagree, however, that the court's mere utterance of the words "plea is accepted" in this case constituted the acceptance contemplated by the rule. Rather, the facts of this case show that the court still asked the prosecutor about the factual basis of the charge and clearly indicated, when the state moved to dismiss and Knaff objected, that the acceptance was not final and irrevocable.

---

7. *Ohio v. Johnson* (1984), 467 U.S. 493, 501, 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425, 434.

8. *Ohio v. Johnson, supra,* 467 U.S. at 495, 501–502, 104 S.Ct. at 2541, 2542, 81 L.Ed.2d at 430–431, 434–435.

*Gusweiler* and *O'Connor,* the primary sources for the rule that jeopardy attaches when a plea is accepted by a trial court, do not state that the simple, verbal utterance of the words of acceptance is enough for double jeopardy analysis. In *Gusweiler,* the court accepted the no-contest plea to the rape charge, proceeded to hear the facts, and found the defendant guilty of attempted rape. *That same day,* the state sought a writ of mandamus to compel the trial court to find the defendant guilty of rape. The state argued, in part, that the "acceptance" never occurred because the court only announced the acceptance orally. The *Gusweiler* court rejected that argument, indicating that acceptance for the purpose of double jeopardy can be verbal and that the state could not prevent the attachment of jeopardy by appealing or filing for a writ before the court's acceptance was journalized.

In light of the circumstances of that case, I do not believe that it follows, in this case, that jeopardy attached simply because of the court's initial statement that it would accept the plea, especially when the court gave a clear indication that its decision was provisional. I also believe that, just as the prosecution could not prevent the proper attachment of jeopardy in *Gusweiler,* the defendant here could not force the attachment of jeopardy before the prosecutor had a chance to speak to the court.

The attachment of jeopardy is not *per se* irrevocable or final. A defendant's breach of a plea agreement, for example, will vacate the attachment of jeopardy.[9] More important, in cases where the trial court was not fully and properly aware of the entire circumstances of the crime alleged, courts have been permitted to withdraw acceptance of pleas.[10] Some courts have gone so far as to say that the

---

9. See, *e.g., Ricketts v. Adamson* (1987), 483 U.S. 1, 10–11, 107 S.Ct. 2680, 2686, 97 L.Ed.2d 1, 11–13.

10. See *State v. Lovelace* (Sept. 24, 1997), Medina App. No. 2649–M, unreported, 1997 WL 626572 (court was unaware that defendant had four, not three, prior DUI convictions and vacated plea; no double jeopardy violation found); *State v. Duval* (1991), 156 Vt. 122, 589 A.2d 321 (court had incorrect and incomplete information at the time it accepted plea; vacation of plea and resentencing did not violate double jeopardy); *State v. Akins* (Tenn.App. 1993), 867 S.W.2d 350 (acceptance of plea was conditional where judge deferred sentencing until he considered the presentence report); *People v. Thomas* (1994), 25 Cal.App.4th 921, 31 Cal.Rptr.2d 170 (even though court had accepted plea, it could vacate plea when it belatedly discovered that the offense was not defendant's third, but his fourth, such offense); *State v. Moss* (Utah App.1996), 921 P.2d 1021 (court could rescind acceptance of guilty plea without violating double jeopardy when there was a "misplea" and no undue prejudice to defendant, since defendant did not take action in reliance on acceptance and rescission returned parties to their pre-plea position), certiorari denied (Utah 1996), 929 P.2d 350; *State v. Wallace* (1997), 345 N.C. 462, 480 S.E.2d 673 (court could rescind acceptance of plea and plea agreement upon hearing new evidence during state's recitation of facts); *Ortiz v. State* (Tex.Crim.App.1996), 933 S.W.2d 102 (en banc) (court could rescind its acceptance of guilty plea where it stated that it was going to "defer" findings; acceptance was only conditional).

attachment of jeopardy upon a court's acceptance of a guilty plea is neither automatic nor irrevocable,[11] and emphasize that the rules related to double jeopardy should not be applied rigidly and mechanically and should not elevate form over substance to frustrate the intent of the Double Jeopardy Clause.[12]

Other courts have held that the rule that jeopardy attaches upon acceptance of the plea should not permit a criminal defendant to subvert justice by "pleading [guilty] solely to prevent final adjudication of the greater crimes" in an indictment.[13] This common-sense approach echoes the reasoning of other courts that when a judge has not been fully apprised of all the matters affecting the offense charged and the plea, the court's verbal acceptance of the plea can be revoked or rescinded without violating double jeopardy principles. As noted above, the United States Supreme Court held in *Ohio v. Johnson* that pleading guilty to a lesser-included offense on a multicount indictment does not bar prosecution of the greater offense, although double jeopardy considerations may bar the imposition of multiple punishments.

After reading the transcript of the proceedings in the municipal court, I find it apparent that the jurist who presided over the case was not aware of the pending indictment when Knaff entered his guilty plea to reckless operation. Thereafter, the prosecutor moved to dismiss the reckless-operation charge and informed the court of the pending indictment for failure to comply. The trial court made no findings that could be construed either as an acquittal or a conviction, and, by declining acceptance of the plea or by rescinding acceptance of the plea, it put the parties in their pre-plea position, without prejudice to Knaff.

I would hold that because the municipal court judge was not fully informed of the particulars surrounding Knaff's plea to reckless operation, the defendant was not put in jeopardy at the moment the court indicated that the plea was accepted, and its dismissal of that charge was appropriate. Even if jeopardy had attached, I would hold that prosecution of the greater offense is not prohibited. Accordingly, I would overrule Knaff's first and second assignments of error.

---

11. See, *e.g., State v. Duval, supra; United States v. Cruz* (C.A.1, 1983), 709 F.2d 111, 114; *Gilmore v. Zimmerman* (E.D.Pa.1985), 619 F.Supp. 859, affirmed (C.A.3, 1986), 793 F.2d 564, certiorari denied (1986), 479 U.S. 962, 107 S.Ct. 459, 93 L.Ed.2d 405.

12. *People v. Thomas, supra.*

13. See *State v. James* (June 13, 1986), Wood App. No. WD–85–59, unreported, 1986 WL 6691; accord *State v. Stafford* (July 14, 1993), Lorain App. No. 92CA005476, unreported, 1993 WL 263083 (rule that jeopardy attaches once court accepts plea should not be construed to allow defense counsel to bring clients into court and subvert justice by entering a guilty plea to some lesser offense on which to build a double jeopardy defense).