OPINION
{¶ 1} The State of Ohio is appealing a judgment of the Montgomery County Court of Common Pleas convicting and sentencing Defendant-Appellee Matthew A. Morton for failing to comply with an order or signal from a police officer.
 {¶ 2} On August 26, 2003, at approximately 10 p.m., Germantown Police Department Patrolman Bobby Johnson observed Morton driving a black Mustang being pursued by another individual in a blue Mustang. Morton was driving at a speed of 88 miles per hour in a 50 miles per hour speed zone. Patrolman Johnson activated his overhead lights and sirens and pursued the Mustangs. Morton turned northbound onto Eby Road; the pursuing Mustang turned southbound. Patrolman Johnson followed Morton northbound and observed Morton turn off his car lights for a short period of time, veer off the road after losing control of the vehicle, and fail to come to a complete stop at a major intersection. Patrolman Johnson estimated Morton's speeds to be approximately 100 miles per hour during part of the chase. Eventually, Morton voluntarily pulled over. He was cited for numerous traffic violations, including reckless operation and driving an unsafe vehicle.
 {¶ 3} Morton was indicted on September 18, 2003 in the Montgomery County Common Pleas Court for failing to comply with an order or signal from a police officer in violation of R.C. 2921.331(B) and (C)(5)(a)(ii).
 {¶ 4} On January 30, 2004, Morton pled guilty to the reckless operation charge in the Miamisburg Municipal Court; he was ordered to pay a fine and costs. That same day, he filed a motion to dismiss the indictment with the Montgomery County Common Pleas Court on the grounds that the subsequent felony prosecution subjected him to double jeopardy. Following a hearing on February 2, 2004, the trial court granted the motion to dismiss the indictment. The trial court found that the State had attempted to prosecute Morton for the same offense after he had previously entered a plea and had been adjudicated on the reckless operation charge. The trial court further noted that the same set of facts gave rise to both charges at issue. The State appeals this judgment, asserting one assignment of error:
 {¶ 5} "The trial court erred in determining that the prohibition against double jeopardy contained in theFifth Amendment to the United States Constitution barred the State from prosecuting Appellee for his failure to comply with an order or signal of a police officer. Failure to comply, in its third degree felony form, and reckless operation each contain an element that the other does not. Likewise, reckless operation is not a lesser-included offense of failure to comply with an order or signal of a police officer as charged in this case. Therefore, a misdemeanor conviction for reckless operation under R.C. 4511.20 does not bar a later prosecution under R.C. 2921.331(B) and R.C. 2921.331(C)(5)(a)(ii)."
 {¶ 6} The State argues that the trial court erred in dismissing Morton's indictment, as reckless operation is not a lesser-included offense of failure to comply with an order, thus this is not a case of double jeopardy and the trial court could sentence Morton for both offenses.
 {¶ 7} The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." "The double jeopardy protections afforded by both the federal and the state Constitutions guard citizens against both successive prosecutions * * * for the `same offense.'" State v. Rance,85 Ohio St.3d 632, 624, 1999-Ohio-291, 710 N.E.2d 699, quoting State v.Moss (1982), 69 Ohio St.2d 515, 518, 433 N.E.2d 181. In determining whether the successive prosecution branch of the Double Jeopardy Clause bars a subsequent prosecution, a court must apply the test set forth inBlockburger v. United States (1932), 284 U.S. 299, 304, 52 S.Ct. 180,76 L.Ed. 306. In Blockburger, the court stated that in determining whether a subsequent prosecution is barred, "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. * * * `A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'" Id. at 304 (citations omitted).
 {¶ 8} Thus, the successive prosecution branch of the Double Jeopardy Clause "prohibits the state from trying a defendant for a greater offense after a conviction of a lesser included offense" and from twice trying a defendant for the same offense. See State v. Bickerstaff (1984),10 Ohio St.3d 62, 64, 461 N.E.2d 892, 894 (citing Brown v. Ohio (1977),432 U.S. 161, 52 S.Ct. 180, 76 N.E.2d 187); State v. Tolbert (1991),60 Ohio St.3d 89, 573 N.E.2d 617, paragraph one of the syllabus (stating that if the Blockburger "test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, the subsequent prosecution is barred").
 {¶ 9} Under State v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus, "[a]n offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
 {¶ 10} Our analysis of Morton's double jeopardy claim begins with a review of the statutes under which he was charged. Morton was charged with reckless operation and failure to comply with an order or signal of a police officer.
 {¶ 11} R.C. 2921.331 sets forth the elements of the crime of failure to comply with an order or signal of police officer:
 {¶ 12} "(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
 {¶ 13} "(C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.
 {¶ 14} "* * *
 {¶ 15} "(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:
 {¶ 16} "* * *
 {¶ 17} "(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."
 {¶ 18} R.C. 4511.20(A) sets forth the elements of reckless operation, which states that "[n]o person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property."
 {¶ 19} There are two factually similar cases wherein the First District Court of Appeals has determined that reckless operation is a lesser included offense of failure to comply. See State v. Knaff (1998),128 Ohio App.3d 90, 713 N.E.2d 1112; State v. Morton (April 30, 1999), Hamilton App. No. C-980391. In Knaff, the court found that the trial court's failure to dismiss the felony portion of the indictment and subsequent entry of conviction and sentence on the felony placed the defendant twice in jeopardy for the same offense, as reckless operation was a lesser included offense of failure to comply. Similarly, inMorton, supra, the court found that reckless operation constitutes the "same offense" as felony failure to comply under either R.C. 2921.331(C)(1) or (2).
 {¶ 20} The State argues that the two cases stated above are not applicable to this case, as the statutes in those cases did not permit conviction for merely negligent operation of a vehicle.
 {¶ 21} We disagree with the State's argument and find the First District Court of Appeal's rationale to be applicable to this case. Applying the Blockburger test to the two statutory provisions at issue, we find that it would be impossible to commit the failure to comply offense at issue without also violating the reckless operation offense. While we agree that the failure to comply statute in this case includes "wanton and willful," unlike the statues in Knaff, supra, and Morton, supra, which only mention "willful," we do not find this to have an effect on whether reckless operation is a lesser included offense of the felony statute. In the case sub judice, Morton, by operating a motor vehicle causing substantial risk of serious physical harm to persons or property, would also have committed the lesser included offense by operating a motor vehicle without due regard for the safety of persons or property.
 {¶ 22} For these reasons, we overrule the State's assignment of error.
 {¶ 23} Judgment of the trial court is affirmed.
Wolff, J. and Fain, J., concur.