[Cite as *State v. Heslop*, 2012-Ohio-5118.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11-BE-19 |
| | ) | |
| ELLIS HESLOP, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common Pleas of Belmont County, Ohio Case No. 11CR50

JUDGMENT:                                    Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee                      No brief filed.

For Defendant-Appellant                Attorney Albert E. Davies
                                                      320 Howard Street
                                                      Bridgeport, Ohio 43912

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: November 2, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, Ellis Heslop, appeals from a Belmont County Common Pleas Court judgment vacating his guilty plea to the charge of unlawful sexual conduct with a minor and dismissing the bill of information without prejudice.

{¶2} On December 10, 2010, a complaint was filed against appellant alleging that he was guilty of violating R.C. 2907.04(A)(B)(3) for engaging in unlawful sexual conduct with a minor when appellant was ten or more years older than the other person, a third-degree felony.

{¶3} On March 18, 2011, appellant was charged by a bill of information with one count of unlawful sexual conduct with a minor, a fourth-degree felony in violation of R.C. 2907.04(A)(B)(1). This charge contained the same elements as the charge in the complaint except that it did not contain the element that appellant was ten or more years older than the other person. This also changed the offense from a third-degree felony to a fourth-degree felony.

{¶4} The charge in the bill of information was part of a negotiated plea deal with plaintiff-appellee, the State of Ohio. Pursuant to the plea deal, appellant entered a guilty plea to the fourth-degree felony unlawful sexual conduct with a minor. Also pursuant to the plea deal, the state agreed to recommend community control sanctions to include East Ohio Correction Center (EOCC) and counseling.

{¶5} The trial court accepted appellant's plea and found him guilty on March 18, 2011. It ordered a presentence investigation and victim-impact statement and set the matter for sentencing to be held on April 29, 2011.

{¶6} On April 5, 2011, the court sua sponte scheduled a status conference for April 15, ordering the parties, the victim, and the victim's family to appear. At the hearing the court stated that it had come to its attention while conducting the presentence investigation and reviewing the victim-impact statement that there was an issue concerning whether a representation that was made to the court was correct. The court stated that at the plea hearing, both counsel had represented that the victim was in agreement with the recommendation to accept the fourth-degree felony and the recommended sentence. However, the court stated, during the

presentence investigation, it determined that the victim did not agree to the recommended plea.

{¶7} Consequently, the court held an evidentiary hearing "to determine whether there is a plea agreement" where it heard testimony from the victim, the victim's mother, and a detective who had helped to explain the plea deal to the victim.

{¶8} The court subsequently vacated appellant's plea and dismissed the bill of information without prejudice. It found that when the plea agreement was originally presented to it, both counsel advised the court that the victim, who was 18 years old at the time, was in agreement that the charge would proceed as a fourth-degree felony and with the state's recommendation contained in the written plea agreement. Pursuant to the written plea agreement, the state was to recommend community control sanctions to include EOCC and counseling. The court further found that, after listening to the victim's testimony, she was not aware of the difference between a third- and fourth-degree felony and/or the different sentences that could be imposed for each offense and also did not understand the terms "community control sanctions" or "East Ohio Correctional Center" as it appeared in the plea agreement. Additionally, she thought that appellant would serve a jail sentence. The court concluded that the victim, who was advised by representatives of the state, was not aware of and/or did not substantially understand certain material elements of the plea deal.

{¶9} Consequently, the court found that while the prosecutor and defense counsel in good faith represented to the court that the victim was in agreement, they were mistaken as to whether the victim was in agreement with the terms of the plea deal. The court stated that it would not have accepted appellant's plea had it been aware of the victim's misunderstanding of the plea. Therefore, the court vacated appellant's plea.

{¶10} Appellant filed a timely notice of appeal on May 20, 2011.

{¶11} Initially, we must address whether this appeal presents a final, appealable order. Pursuant to R.C. 2505.02(B)(3), an order is a final appealable

order if it "vacates or sets aside a judgment or grants a new trial." In this case, we have a judgment where the court not only accepted appellant's plea but also specifically entered a finding of guilt. The order appealed from vacated that judgment and, therefore is a final, appealable order pursuant to R.C. 2505.02(B)(3).

{¶12} This case is akin to a situation where a defendant goes to trial, the defendant is found guilty by the jury, the matter is set for sentencing, the defendant files a motion for new trial before being sentenced, the court grants the motion for new trial, and the state then appeals. In both situations, we have a judgment with a finding of guilt but do not yet have a final order that includes a sentence. The state is permitted to appeal, with leave of the appellate court, in such a situation where the grant of a motion for a new trial effectively vacates a judgment finding the defendant guilty. See, e.g., *State v. Green*, 10th Dist. No. 09AP-972, 2010-Ohio-3838; *State v. Sims*, 8th Dist. No. 85341, 2005-Ohio-4299. Similarly, appellant is now permitted to appeal the judgment vacating his guilty plea and the court's finding of guilt.

{¶13} Next, we must note that the state has failed to file a brief in this matter. Therefore, we may consider appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).

{¶14} Appellant raises a single assignment of error, which states:

THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN, ON ITS OWN MOTION, IT VACATED THE DEFENDANT-APPELLANT'S PLEA OF GUILTY TO A VIOLATION OF OHIO REV CODE §2907.04(A)(B)(1) AS SET FORTH IN A BILL OF INFORMATION FILED BY THE PLAINTIFF-APPELLEE IN THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO.

{¶15} Appellant argues that the trial court abused its discretion when, on its own motion, it vacated his guilty plea. He asserts that there is no support in the Criminal Rules for the trial court's sua sponte action. He points out that the record

establishes that he entered his plea knowingly, voluntarily, and intelligently and the trial court accepted the plea. Appellant further points out that he never filed a motion to vacate his plea.

{¶16} A trial court may refuse to accept a guilty plea. Crim.R. 11(G). If the court refuses to accept a guilty plea, the court is to then enter a not guilty plea on the defendant's behalf. Crim.R. 11(G).

{¶17} Additionally, trial courts may reject plea agreements. *State v. Underwood*, 124 Ohio St.3d 365, 922 N.E.2d 923, 2010-Ohio-1, ¶28. Whether to accept or reject a plea bargain is within the trial court's discretion. *State v. Asberry*, 173 Ohio App.3d 443, 878 N.E.2d 1082, 2007-Ohio-5436, ¶40.

{¶18} Furthermore, once the trial court accepts a defendant's guilty plea, the defendant may move to vacate his or her plea. Crim.R. 32.1. A trial court's decision to grant or deny a presentence motion to withdraw a guilty plea is within the court's sound discretion. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), at paragraph two of the syllabus.

{¶19} The above law is well-settled. But the case law on the issue at hand is scant. Normally, it is the defendant who moves to vacate his plea, not the court on its own motion. Cases that have touched on similar issues suggest that the court may not sua sponte vacate a defendant's plea once it has already accepted that plea.

{¶20} For instance, in *State v. Millhouse*, 8th Dist. No. 79910, 2002-Ohio-2255, the defendant argued that the trial court should have vacated his guilty pleas at his sentencing hearing because he denied certain knowledge of the crimes he had pleaded guilty to despite the fact he did not file a motion to vacate his pleas. On appeal, the Eighth District stated:

> Our review of the Rules of Criminal Procedure reveals no provisions which would suggest that a trial court should sua sponte vacate a guilty plea once it has been accepted; rather, it is Crim.R. 32.1 which provides for the withdrawal of guilty pleas upon proper motion. Here, because no such motion had been presented to the trial court at

the time of sentencing, we are unable to find error in this regard. Further, had the court sua sponte vacated his pleas at sentencing as Millhouse now urges, he could have easily claimed that the trial court denied him the benefit of his bargain and then challenged on appeal that uninvited judicial action.

*Id.* at ¶27.

**{¶21}** And in *Cleveland Heights v. Fernando*, 8th Dist. No. 77911, 2000 WL 1873050 (Dec. 21, 2000), the defendant filed a motion to vacate his no contest plea to the charge of issuing a bad check after he was informed he was to be deported for prior convictions involving crimes of moral turpitude. The trial court held a hearing despite appellant's absence, due to having been deported, where it vacated appellant's no contest plea and entered a not guilty plea on his behalf. The court set the matter for trial and, when appellant failed to appear for trial, reinstated the defendant's no contest plea, finding of guilt, and sentence. On appeal, the court noted that the sua sponte motion and judgment were filed and issued without notice to the defendant because he was absent from the jurisdiction. The court went on to cite Crim.R. 32.1, finding that while there is a provision in the Criminal Rules for a defendant to withdraw one plea and enter another, there is no similar provision for a court to sua sponte withdraw a defendant's plea and enter a different plea.

**{¶22}** And although not addressing the same issue at hand here, the Fourth District, in discussing a defendant withdrawing his no contest plea stated, "Crim.R. 32.1 permits the defendant to make a motion to withdraw his no contest plea but it does not permit the court or the state to make that motion." *State v. Longnecker*, 4th Dist. No. 01CA2, 2002-Ohio-3139, ¶56.

**{¶23}** Thus, the cases that have dealt with similar issues have implied that a trial court may not sua sponte vacate a defendant's guilty plea.

**{¶24}** Furthermore, in this case, appellant entered his plea voluntarily, knowingly, and intelligently. (Mar. 22, 2011 Journal Entry). Before accepting appellant's plea, the court determined that appellant understood the nature of the

charges against him and that by pleading guilty he waived his right to a jury trial, to confront witnesses against him, to have compulsory process to obtain witnesses on his behalf, to require the state to prove his guilt beyond reasonable doubt, and not to testify against himself. (Mar. 22, 2011 Journal Entry). The court then accepted appellant's guilty plea to fourth-degree felony unlawful sexual conduct with a minor. (Mar. 22, 2011 Journal Entry). Hence, appellant entered a valid plea that was accepted by the court.

{¶25} Additionally, this case involves a potential violation of the right against double jeopardy. Courts have held that in a case where a defendant enters a plea, jeopardy attaches when the trial court accepts the defendant's guilty plea. See, *State ex rel. Leis v. Gusweiler*, 65 Ohio St.2d 60, 418 N.E.2d 397 (1981); *State v. Knaff*, 128 Ohio App.3d 90, 713 N.E.2d 1112 (1st Dist.); *State v. Turpin*, 12th Dist. No. CA 86-02-014, 1986 WL 15291 (Dec. 31, 1986). On the contrary, if the court does not accept the guilty plea, jeopardy does not attach. See, *State v. Stafford*, 9th Dist. No. 92CA005476, 1993 WL 263083 (July 14, 1996). Thus, in this case jeopardy attached because the trial court accepted appellant's guilty plea.

{¶26} The Double Jeopardy Clause bars multiple prosecutions for the same offense. In determining whether two offenses are actually the same offense for double jeopardy purposes, courts apply the test set out in *Blockburger v. U.S.*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as follows: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Pursuant to *Blockburger*, multiple punishments and prosecutions are prohibited if one offense is a greater or lesser included offense of the other offense. *State v. Melton*, 8th Dist. No. 93542, 2010-Ohio-3187, ¶10, citing *Brown v. Ohio*, 432 U.S. 161, 168-169, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

{¶27} Under the *Blockburger* test, double jeopardy would prohibit the state from later prosecuting appellant on the amended charge of unlawful sexual conduct

with a minor (the fourth-degree felony to which appellant pleaded guilty to) and also from prosecuting appellant on the original charge of unlawful sexual conduct with a minor when appellant was ten or more years older than the other person (the third-degree felony which the state reduced). The two charges arose from the same event and are identical except for the "ten or more years older" element.

{¶28} Based on the above considerations, the trial court erred in sua sponte vacating appellant's guilty plea that it had already accepted. Accordingly, appellant's assignment of error has merit.

{¶29} For the reasons stated above, the trial court's judgment is hereby reversed. Appellant's guilty plea is reinstated and the matter is remanded to the trial court for sentencing in accordance with his guilty plea.

Waite, P.J., concurs in judgment only.

DeGenaro, J., concurs in judgment only.