[Cite as *State v. Miller*, 2021-Ohio-2424.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200275 |
| | | TRIAL NO. 19CRB-19160 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| JACOB MILLER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  July 16, 2021

*Andrew W. Garth*, Interim City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Chris Konitzer*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Eppley Legal Group* and *Mark C. Eppley*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}   Jacob Miller appeals from the judgment of the Hamilton County Municipal Court vacating his guilty plea to the amended charge of disorderly conduct.   For the following reasons, we reverse the trial court's judgment and remand the cause to the trial court.

## Factual Background

{¶2}   On July 28, 2019, Jacob Miller was charged with assault and entered a plea of not guilty.   On December 12, 2019, the city and Miller reached a plea agreement whereby the state amended the charge to disorderly conduct, and Miller entered a guilty plea.   The city represented that the victim was in agreement with the reduced charge.   The trial court accepted Miller's plea, orally found him guilty, ordered a victim-impact statement and set the matter for sentencing.   Although the court journalized the guilty plea to the amended charge, the entry did not include a finding of guilt.

{¶3}   At the sentencing hearing, the city sought a continuance to discuss restitution with the victim.   Before granting the request, the trial court acknowledged that Miller "knowingly, intelligently, and voluntarily entered a guilty plea to a charge related to this incident."   The case was continued for sentencing and a victim-impact statement.

{¶4}   At the next hearing, the court again noted that Miller had pled guilty to disorderly conduct and the case was set for sentencing.   The court questioned the victim to ensure the city had consulted her about the plea agreement.   After consulting with the prosecutor, the victim assured the court that she understood and agreed with the plea and was in favor of continuing with sentencing.   The court then

asked the prosecutor why the city had entered into the agreement. The prosecutor responded that he was not privy to the original agreement, but based on his conversation with the victim, the city wished to proceed with the sentencing.

{¶5} After an unrecorded sidebar, the trial court expressed its concerns that the facts contained in the victim-impact statement alleged conduct that exceeded the disorderly-conduct charge for engaging in fighting and threatening harm or violent or turbulent behavior. Based on these concerns, the court determined that, pursuant to Crim.R. 32, "I'm going to withdraw the previously entered plea of guilty to the amended charge of disorderly conduct" and set the case for trial.

{¶6} Miller pled no contest to the reinstated assault charge. The court found Miller guilty and imposed a suspended sentence of 180 days in jail and placed Miller on two years of community control, imposed a $500 fine plus court costs, restitution of $480, ordered him to stay away from the victim, and ordered house arrest for 90 days.

{¶7} Miller now appeals.

Law and Analysis

{¶8} In two assignments of error, Miller contends that the trial court abused its discretion when it sua sponte vacated his guilty plea, and that the court violated his right against double jeopardy by vacating the plea.

{¶9} Miller argues that the trial court erred by withdrawing the guilty plea because no criminal rule authorizes a court to do so. Miller points out, and the state agrees, that his plea was entered voluntarily, knowingly, and intelligently and accepted by the trial court. However, the state contends, without citing to any legal authority, that the court could subsequently reject the plea because the journal entry

did not include a finding of guilt.

{¶10} A plea of guilty constitutes a complete admission of guilt. Crim.R. 11(B)(1). "When a defendant pleads guilty to a charge, the court does not make a finding, but merely evaluates whether the plea complies with Crim.R. 11." *State v. Knaff*, 128 Ohio App.3d 90, 92, 713 N.E.2d 1112 (1st Dist.1998). Upon the acceptance of a guilty plea, a trial court is not required to make a finding of guilt. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 15. Once the plea is accepted, the court "shall proceed with sentencing * * *." Crim.R. 11(B).

{¶11} In this case, as the state concedes, the court accepted Miller's guilty plea after ensuring that the plea was voluntary, knowing, and intelligent. Additionally, the entry reflects that after the plea was accepted, the case was continued for sentencing. Therefore, contrary to the state's argument, the court was not required to enter a guilty finding. *See Knaff* at 92; *Baker* at ¶ 15.

{¶12} During the sentencing hearing, the trial court sua sponte withdrew the guilty plea and entered a not-guilty plea. The court stated that the withdrawal of the plea was done pursuant to Crim.R. 32, and the docket statement reflects that the "motion to withdraw plea granted." However, Miller did not file a motion to withdraw his guilty plea.

{¶13} Consequently, this court must determine whether the trial court erred in sua sponte withdrawing the guilty plea. Several courts have noted that Crim.R. 32.1 does not apply to a trial court. *See Cleveland Hts. v. Fernando*, 8th Dist. Cuyahoga No. 77911, 2000 WL 1873050, *2 (Dec. 21, 2000) (explaining that under Crim.R. 32.1, "While there is provision within the rules for a defendant to withdraw one plea and enter another, there is no similar provision for a judge to sua sponte

4

withdraw a defendant's plea and enter another."); *State v. Longnecker*, 4th Dist. Washington No. 01 CA2, 2002-Ohio-3139, ¶ 56 (noting that "Crim.R. 32.1 permits the defendant to make a motion to withdraw his no contest plea but it does not permit the court or the state to make that motion.").

{¶14} The Seventh District Court of Appeals has held that "the trial court erred in sua sponte vacating appellant's guilty plea that it had already accepted." *State v. Heslop*, 7th Dist. Belmont No. 11-BE-19, 2012-Ohio-5118, ¶ 28. In that case, the trial court accepted Heslop's guilty plea and continued the case for sentencing. *Id.* at ¶ 5. Prior to the sentencing hearing, the court held an evidentiary hearing and heard testimony from the victim. *Id.* at ¶ 7. The court sua sponte vacated the plea after concluding that "the victim, who was advised by representatives of the state, was not aware of and/or did not substantially understand certain material elements of the plea deal." *Id.* at ¶ 58. After noting that the criminal rules do not allow a trial court to sua sponte withdraw a plea and that "jeopardy attaches when the trial court accepts the defendant's guilty plea[,]" the court determined that "the trial court erred in sua sponte vacating appellant's guilty plea that it had already accepted." *Id.* at ¶ 19, 26, 28.

{¶15} We agree with our sister courts that once a trial court accepts a guilty plea, it may not sua sponte withdraw the plea under Crim.R. 32.1. Accordingly, we conclude that the trial court erred by withdrawing the plea absent a motion filed by Miller. *See id* at ¶ 28. We sustain Miller's first assignment of error, rendering the second assignment of error moot.

## Conclusion

{¶16} We reverse the judgment of the trial court, reinstate the guilty plea to

disorderly conduct, and remand the cause to the trial court for sentencing in accordance with his guilty plea.

Judgment reversed and cause remanded.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.